IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a political subdivision,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant,<br><br>STATE OF UTAH,<br><br>                  Intervenor-Plaintiff, | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO INTERVENE**<br><br>Case No. 2:10-CV-01073 DN<br><br>Magistrate Judge David Nuffer |

Intervenor-Plaintiff State of Utah's Motion to Intervene[1] is before the magistrate judge by consent of the parties pursuant to 28 U.S.C. § 636(c). The magistrate judge has reviewed the motions, memoranda, and relevant legal authorities. For the reasons set forth below, the State of Utah's Motion to Intervene is GRANTED.

## INTRODUCTION

Plaintiff Kane County commenced this quiet title action against the United States on October 28, 2010.[2] The United States was granted an extension to answer the complaint until April 22, 2011.[3] In lieu of answering the Amended Complaint, the United States filed a Motion to Dismiss all claims under Federal Rules of Civil Procedure 12(b)(7) and 19 for failure to join the State of Utah—a necessary party.[4] Three days later, the State of Utah filed the Motion to

---

[1] Motion to Intervene, docket no. 34, filed Apr. 25, 2011.

[2] Complaint, docket no. 2, filed Oct. 28, 2010.

[3] Docket Text Order Granting Motion for Extension of Time to Answer Amended Complaint, docket no. 29, entered March 21, 2011.

[4] Defendant's Motion to Dismiss Plaintiff's Amended Complaint, docket no. 32, filed Apr. 22, 2011.

Intervene,[5] on grounds that intervention should be granted as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, that permissive intervention should be granted under Federal Rule of Civil Procedure 24(b).  The United States opposed that motion,[6] not for failure to satisfy either Federal Rule of Civil Procedure 24(a) or (b), but rather, for failure to satisfy the 180 day notice requirement of the Quiet Title Act.[7]

## ANALYSIS

Defendant concedes that the State of Utah satisfies the requirements for intervention of right under Federal Rule of Civil Procedure 24(a)(2).[8]  Therefore, the only issue before this Court is whether the State of Utah is required to and/or has satisfied the 180 day notice requirement of the Quiet Title Act.

In order for a state to bring a quiet title action against the United States, "[n]ot less than one hundred and eighty days before bringing any action under this section, a State shall notify the head of the Federal agency with jurisdiction over the lands in question of the State's intention to file suit, the basis therefor, and a description of the lands included in the suit."[9]  On May 17, 2011, John Harja, Director of the Utah Public Lands Policy Coordination Office, sent a letter to Secretary Ken Salazar of the Department of the Interior stating "the State's intention to file suit regarding the ownership of certain rights-of-way on federal lands within Kane County, Utah."[10]  The letter cited "'the right of way for the construction of highways over public lands, not

---

[5] Motion to Intervene, docket no. 34, filed Apr. 25, 2011.

[6] Defendant's Opposition to Motion to Intervene, docket no. 39, filed May 12, 2011.

[7] 28 U.S.C. § 2409a(m) (2006).

[8] Defendant's Opposition to Motion to Intervene, docket no. 39, filed May 12, 2011 ("The United States recognizes that the State of Utah … satisfies the traditional intervention requirements under Federal Rule of Civil Procedure 24(a)(2).").

[9] 28 U.S.C. 2409a(m).

[10] Exhibit A, Reply Memorandum in Support of the State of Utah's Motion to Intervene, docket no. 46, filed June 28, 2011.

reserved for public uses' under United States Revised Statutes 2477 (43 U.S.C. § 932 (repealed October 21, 1976, with proviso recognizing the validity of rights-of-way already established))" as the basis for the State's suit.[11]  Furthermore, the letter listed each claimed right-of-way as well as the length of each claimed right-of-way and a CD with maps detailing the listed rights-of-way.[12]  The contents of this letter satisfy the requirements of 28 U.S.C. 2409a(m), and given that the letter was sent May 17, 2011, the State of Utah has now given the United States 180 days notice, as required by the statute.   Therefore, irrespective of whether the State of Utah was required to satisfy 28 U.S.C. 2409a(m) in order to intervene, it now has.  The State of Utah's Complaint in Intervention may be filed within 14 days of the date of this order.

Accordingly, the State of Utah's Motion to Intervene is GRANTED.

Dated December 28, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[11] *Id.*

[12] *Id.*