UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARFIELD COUNTY (1), UTAH and STATE OF UTAH[1]<br><br>  Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA et al.,<br><br>  Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>  Intervenor-Defendants. | **ORDER OF CERTIFICATION**<br><br>Case Nos:<br>  2:11-cv-1045<br>  2:10-cv-1073<br><br>District Judges:<br>  David Nuffer<br>  Clark Waddoups<br>  Robert J. Shelby |

---

[1] *Garfield County (1), Utah* is a consolidated case with *Garfield County (2), Utah*. *Kane County (2), Utah*, captioned below, is a consolidated case with *Kane County (3), Utah* and *Kane County (4), Utah*. *Kane County (1), Utah*, No. 2:08-cv-315 remains separate from the other Kane County cases due to its earlier filing.

| | |
|---|---|
| KANE COUNTY (2), UTAH<br><br>            Plaintiff,<br><br>STATE OF UTAH<br><br>            Intervenor-Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA et al.,<br><br>            Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>            Intervenor-Defendants. | |

The State and many Counties seek to quiet title rights in certain roads crossing federal land. The litigation encompasses more than 20 different cases ("R.S. 2477 Road Cases") now pending in federal court,[2] involves approximately 12,000 roads, and impacts most areas

---

[2] *Beaver County and State of Utah v. United States*, 2:12-cv-423; *Box Elder County and State of Utah v. United States*, 1:12-cv-105; *Carbon County (1), Utah v. United States*, 2:11-cv-1043 (now consolidated with *Carbon County (2), Utah and State of Utah v. United States*, 2:12-cv-427); *Daggett County and State of Utah v. United States*, 2:12-cv-447; *Duchesne County and State of Utah v. United States*, 2:12-cv-425; *Emery County (2), Utah and State of Utah v. United States*, 2:12-cv-429; *Garfield County (1), Utah and State of Utah v. United States*, 2:11-cv-01045 (now consolidated with *Garfield County (2), Utah and State*

of the State. A State law issue has arisen with respects to the roads that may have far-reaching implications for the State and its Counties. Accordingly, in deference to the State's right to determine the meaning of its laws, the United States District Court for the District of Utah, *sua sponte* and pursuant to Rule 41 of the Utah Rules of Appellate Procedure, hereby certifies and requests that the Utah Supreme Court answer the following question of law:

> Are Utah Code § 78B-2-201(1) and its predecessor statutes of limitations or statutes of repose?

The foregoing question of law is controlling in the two captioned cases, as well as the other cases pending before this court. There appears to be no controlling Utah law on this issue.

---

*of Utah v. United States*, 2:12-cv-478); *Grand County and State of Utah v. United States*, 2:12-cv-466; *Iron County and State of Utah v. United States*, 2:12-cv-472; *Juab County (2), Utah and State of Utah v. United States*, 2:12-cv-462 (now consolidated with *Juab County (3), Utah and State of Utah v. United States*, 2:12-cv-00584); *Kane County (2), Utah and State of Utah v. United States*, 2:10-cv-1073 (now consolidated with *Kane County (3), Utah and State of Utah v. United States*, 2:11-cv-1031 and *Kane County (4), Utah and State of Utah v. United States*, 2:12-cv-476); *Millard County and State of Utah v. United States*, 2:12-cv-451; *Piute County and State of Utah v. United States*, 2:12-cv-428; *Rich County and State of Utah v. United States*, 2:12-cv-424; *San Juan County and State of Utah v. United States*, 2:12-cv-467; *Sanpete County and State of Utah v. United States*, 2:12-cv-430; *Sevier County and State of Utah v. United States*, 2:12-cv-452; *Tooele County and State of Utah v. United States*, 2:12-cv-477; *Uintah County and State of Utah v. United States*, 2:12-cv-461; *Utah County and State of Utah v. United States*, 2:12-cv-426 ; *Washington County and State of Utah v. United States*, 2:12-cv-471; *Wayne County and State of Utah v. United States*, 2:12-cv-434.

## FACTUAL AND PROCEDURAL BACKGROUND

The State and various Counties have asserted ownership of alleged rights-of-way for roads crossing federal lands. They do so based on Revised Statute 2477 ("R.S. 2477"), which reads: "*And be it further enacted*, That the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Act of July 26, 1866, ch. 262, § 8, 14 Stat. 251, 253, *codified* at 42 U.S.C. § 932. The Act was repealed on October 21, 1976 by the Federal Land Policy and Management Act of 1976 ("FLPMA"). *See* Pub. L. No. 94-579, § 706(a), 90 Stat. 2793. If an R.S. 2477 right-of-way existed by October 21, 1976, it was grandfathered by FLPMA. Significantly, however, no further rights-of-way could accrue across federal land after FLPMA's passage. Thus, any right or title claimed by the State and Counties had to have accrued by October 21, 1976.

Due to the complexity of the cases, the court has entered a comprehensive case management order staying most of the R.S. 2477 Road Cases, except for preservation discovery. The *Garfield County (1)* and *Kane County (2)* cases, however, remain active. Judge Waddoups oversees the case management of all of the R.S. 2477 Road Cases, Judge Nuffer presides over the *Garfield County (1)* case, and Judge Shelby presides over the *Kane County (2)* case.

The *Garfield County (1)* case is a consolidated action encompassing 736 roads in Garfield County. The United States has moved to dismiss over 450 of the claims on various

grounds. In its role as limited, permissive intervenor, the Southern Utah Wilderness Alliance and others (collectively "SUWA") filed a memorandum in support of the United States' motion. SUWA's memorandum asserts that Utah Code § 78B-2-201(1) is a seven-year statute of repose, not a statute of limitations. If SUWA's assertion is correct, then the R.S. 2477 Road Cases pending before this court would be barred.

## **STATUTES and CASE LAW**

The Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, provides the means whereby the State and Counties may establish their asserted rights in certain roads against the United States, and federal courts have exclusive jurisdiction over such claims pursuant to 28 U.S.C. § 1346(f). At a minimum, the State and Counties have twelve years to assert a claim under the QTA once a cause of action has accrued.

As early as 1907, however, Utah elected to impose a limitation on itself regarding when it may assert a right to real property. *See Pioneer Inv. & Trust Co. v. Bd. of Educ.*, 99 P. 150, 152 (Utah 1909) (stating "the state is barred from bringing an action for the recovery of real property claimed by it, unless such is commenced within seven years") (citing Comp. Laws 1907, § 2856)). By at least 1917, the Compiled Laws of Utah provided:

> The state will not sue any person for or in respect to any real property, or the issues or profits thereof, by reason of the right or title to the same, unless:

> 1. Such *right or title shall have accrued* within seven years before any action or other proceeding for the same shall be commenced[.]

*Van Wagoner v. Whitmore*, 199 P. 670, 671 (Utah 1921) (quoting Comp. Laws 1917, § 6446) (alteration omitted) (emphasis added). The statutory provision later became Utah Code § 78-12-2 (1953) and remained essentially unchanged until 2008.

In 2008, the Utah Legislature amended and renumbered the statute, which now reads as follows:

> The state may not bring an action against any person for or with respect to any real property, its issues or profits, based upon the state's right or title to the real property, unless:
>
> (1) the *right or title to the property accrued* within seven years before any action or other proceeding is commenced[.]

*Id.* § 78B-2-201(1) (2014) (emphasis added) (revised and renumbered by L. 2008, ch. 3, § 639).

Under Utah law, "a statute of limitations period always commences . . . when the cause of action arises, which usually is the occurrence of an injury or the discovery of an injury." *Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 672 (Utah 1985). In contrast, "[a] statute of repose bars all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury that gives rise to a cause of action." *Id.*

SUWA contends the present and prior versions of Section 78B-2-201(1) constitute a statute of repose because the seven-year limitation commences when the right or title to

property accrued, not when a cause of action arose. Because every R.S. 2477 right-of-way had to accrue no later than October 21, 1976, if Section 78B-2-201(1) or its predecessor is a statute of repose, SUWA contends any action to quiet title had to be brought by October 21, 1983, which is seven years after FLPMA repealed R.S. 2477.

This same issue was raised in *San Juan County v. United States*, No. 2:04-cv-552, 2011 U.S. Dist. LEXIS 58460 (D. Utah May 27, 2011). The court declined to address it, however, because the "issue was *not* preserved for trial in the Final Pretrial Order." *Id.* at *77 n.4 (emphasis in original). Likewise, the issue undergirds the pending case of *Abdo v. Reyes*, No. 140301234, filed in the Third Judicial District Court in and for Tooele County, State of Utah.[3] The issue therefore is a recurring one and dispositive.

In addition to *Pioneer Investment & Trust Co.* and *Van Wagoner*, a number of other Utah cases have addressed or mentioned Section 78B-2-201 or its predecessor. In each case, the courts have assumed the Section is a statute of limitations that applies only when there has been an *injury* to "the right or title to the property accrued." Additionally, in *Davis v. Provo City Corp.*, 2008 UT 59, ¶ 17, 193 P.3d 86, the Utah Supreme Court used the Section as an example of what constitutes a statute of limitations. It stated "[a] statute of limitations

---

[3] On April 6, 2015, Judge Waddoups temporarily enjoined the *Abdo* case under the All Writs Act, 28 U.S.C. § 1651, until he has an opportunity to address whether an injunction is appropriate under the Anti-Injunction Act, 28 U.S.C. § 2283 (allowing an injunction when necessary in aid of a court's jurisdiction). *See Tooele County and State of Utah v. United States*, 2:12-cv-477 (Dkt. Nos. 89, 90).

contains phrases such as 'may not bring an action'" that "directly address whether an action may be filed." *Id.* (quoting Utah Code § 78B-2-201 (2008)). The issue before the Court was not, however, whether the Section is a statute of repose. That issue does not appear to have been addressed by the Court in any of the cases. Accordingly, this court certifies the question and requests that it be addressed by the Utah Supreme Court.

## **ORDER**

For the foregoing reasons, the court hereby ORDERS that, pursuant to Rule 41 of the Utah Rules of Appellate Procedure, the following question is certified to the Utah Supreme Court:

> Are Utah Code § 78B-2-201(1) and its predecessor statutes of limitations or statutes of repose?

It is further ORDERED that the Clerk of this Court shall transmit a copy of this certification to the parties and shall submit to the Utah Supreme Court a certified copy of this certification. Should the Utah Supreme Court determine that all or any portion of the record be filed with the Court, this court further orders the Clerk shall transmit the requested records.

DATED this 17th day of April, 2015.

                                            BY THE COURT:

_____
David Nuffer
United States District Judge


_____
Clark Waddoups
United States District Judge


_____
Robert J. Shelby
United States District Judge