IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY (2), UTAH,<br><br>Plaintiff, and<br><br>STATE OF UTAH,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>Intervenor-Defendants | **ORDER ASSIGNING CASE TO JUDGE CLARK WADDOUPS FOR ALL PURPOSES**<br><br>Case No. 2:10-cv-1073 (Consolidated 2:11-cv-1031, 2:12-cv-476)<br><br>Chief District Judge David Nuffer |

Intervenor Defendants filed a motion for leave[1] to file a motion about the ambiguous record as to the presiding trial judge in the case.[2] The helpful factual summary[3] in the proposed motion shows that it is not clear that a presiding trial judge is assigned to this case.

For nearly five years, Judge Clark Waddoups has been managing the case under the "Memorandum Decision and Order for Joint Case Management; and Transferring Case"[4] signed by Judge Robert Shelby. That order directed the clerk's office to transfer the case to Judge

---

[1] Motion for Leave to File Motion to Expedite Reassignment, docket no. 362, filed January 25, 2018.

[2] [Proposed] Motion to Expedite Reassignment ("Proposed Motion"), docket no 362-1, filed January 25, 2018.

[3] Proposed Motion at 2-3.

[4] Docket no. 78, filed March 13, 2013.

Waddoups, who would "oversee and manage all non-dispositive, pretrial matters"[5] and at his election, resolve dispositive motions.[6] The Case Management Order also contemplated that the case would eventually be transferred back to Judge Robert Shelby for trial.[7] On August 29, 2015, however, Judge Shelby recused from the case.[8]

At the time of Judge Shelby's recusal, the case was assigned to Judge Waddoups, and there was no mechanism for appointing a future judge to whom the case would be transferred for purposes of conducting a trial.

Judge Waddoups has managed this case, as a bellwether for more than 20 other cases, for nearly five years. He also tried a case with similar issues, also arising in Kane County.[9] The long dockets in these cases reflect the substantial expertise acquired by Judge Waddoups; that the cases arise from similar events and facts[10] and involve substantially the same parties;[11] that the cases call for a determination of the same or substantially related questions of law and fact[12] and that the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges[13] with a risk of inconsistent verdicts or outcomes.[14] For these reasons, which are all identified as factors supporting the transfer of related cases to a single judge, which

---

[5] *Id.* at 3.

[6] *Id,* at 4.

[7] *Id.* at 4.

[8] Order of Recusal, docket no. 252, filed August 20, 2015.

[9] *Kane County (1), Utah v. United States*, 2:08-cv-315-CW.

[10] DUCivR 83-2(g)(1).

[11] DUCivR 83-2(g)(2).

[12] DUCivR 83-2(g)(4).

[13] DUCivR 83-2(g)(5).

[14] DUCivR 83-2(g)(6).

the court may address sua sponte pursuant to DUCivR 83-2(g), under my authority as chief district judge,

IT IS HEREBY ORDERED that this case is assigned to Judge Waddoups for all purposes.

Signed January 26, 2018.

BY THE COURT

David Nuffer
Chief United States District Judge