|                                                      |                                                       |
| ---------------------------------------------------- | ----------------------------------------------------- |
| IN THE UNITED STATES DISTRICT COURT                  |                                                       |
| FOR THE DISTRICT OF UTAH, CENTRAL DIVISION           |                                                       |
| KANE COUNTY (2), UTAH,                               | MEMORANDUM DECISION & ORDER                           |
| Plaintiff, and                                       |                                                       |
| STATE OF UTAH,                                       | Case No. 2:10-cv-1073 (Consolidated 2:11-cv-1031, 2:12-cv-476) |
| Intervenor-Plaintiff,                                | Judge Clark Waddoups                                  |
| v.                                                   |                                                       |
| UNITED STATES OF AMERICA,                            |                                                       |
| Defendant, and                                       |                                                       |
| SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,         |                                                       |
| Intervenor-Defendants.                               |                                                       |

Before the court is Intervenor-Defendants Southern Utah Wilderness Alliance et al.'s Motion Re: Bellwether Site Visit in which the Intervenor-Defendants ("SUWA") object to the court conducting a site visit of the fifteen bellwether roads at issue in the upcoming bench trial. (ECF No. 456.) SUWA argues that such a visit would violate Rules 402 and 403 of the Federal Rules of Evidence. SUWA further argues that 28 U.S.C. § 2409a(b) deprives this court of jurisdiction to require a visit of two of the alleged roads, which are currently closed to vehicular traffic. The court sought briefing from the parties in this case, each of which refuted SUWA's objection. For the reasons stated herein, the court overrules SUWA's objection and will conduct a site visit.

Based on SUWA's Motion, the briefing, and discussions during previous hearings on the matter, the court believes it is necessary to clarify the intended purpose of the site visit. In the Tenth Circuit, a site visit is evidence. *Lillie v. United States*, 953 F.2d 1188, 1190 (10th Cir. 1992) ("[A]ny kind of presentation to the jury or the judge to help the fact finder determine

1

what the truth is and assimilate and understand the evidence."). The court, by its viewing of and traveling on the relevant roads, will be viewing demonstrative evidence that will inform its understanding of and provide context for the evidence presented during the bench trial, but there will be no oral or documentary evidence received into the record during the site visit. Statements regarding historical use and commentary on the geography are a necessary function of the site visit but will not be considered as evidence for purposes of the record unless and until the parties prove them by documentary or testamentary evidence during the bench trial. Turning now to each of SUWA's three arguments, as stated below, the court finds each unpersuasive.

First, SUWA's Rule 402 argument fails because viewing the roads in present-day will provide relevant evidence to the pre-1976 use of the purported roads. SUWA argues that "the present-day conditions of the bellwether rights-of-way are irrelevant to any determination under R.S. 2477." (Motion 5–7, ECF No. 456.) SUWA contends the post-1976 condition of the road is wholly irrelevant to the pre-1976 use. While SUWA's articulation of the primary legal issue is correct, it assumes, without support, an overly rigid definition of relevance.

The Rules of Evidence require only that the evidence in question "has any tendency to make a fact" of consequence "more or less probable than it would be without the evidence." Fed. R. Civ. P. 401. Relevance is a "very low" bar; "the degree of materiality and probativity necessary for evidence to be relevant is 'minimal' and must only provide a 'fact-finder with a basis for making some inference, or chain of inferences.'" *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998)). In this case, Plaintiffs must prove at least ten-years continuous public use prior to the

1976 repeal of R.S. 2477. *S. Utah Wilderness All. v. Bureau of Land Mgmt.*, 425 F.3d 735, 771 (10th Cir. 2005), *as amended on denial of reh'g* (Jan. 6, 2006). Therefore any evidence that would make ten-years continuous use of any one of the bellwether roads more or less probable is relevant and admissible so long as not otherwise barred.

It is reasonable to expect that the site visit will produce relevant evidence. It will allow the court to see the alleged roads in the context of the topographic and geologic conditions. It will allow the court to more fully appreciate things like the proximity to geologic formations and historical sites. These factors are relevant to understanding and evaluating evidence about traditional uses of the alleged roads. SUWA argues that the conditions of the roadbeds and landscape may be quite different than they were pre-1976, and while changes to the alleged roads resulting from natural forces such as flash floods or human modernization efforts may make the alleged road look different today than at the time an R.S. 2477 right-of-way was, or could have been, established, that alone does not negate the value of the site visit. There are some features of the landscape such as mountains and plateaus that are not fast changing. Seeing those features and understanding the proximity of the roads to sites of human interest are relevant because they will help the court understand the likelihood that the alleged roadways were used as the Plaintiffs allege. Moreover, some aspects of the historical roadways may not to have changed in any material way. Because the site visit is likely to produce relevant evidence, it is not barred by Rule 402.

Second, SUWA's Rule 403 argument is meritless because any prejudice resulting from the visit will be minimal and mitigated by the fact that the court, not a jury, is the fact finder. As the Tenth Circuit has indicated in an unpublished opinion, "excluding evidence in a bench

trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'" *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (unpublished) (quoting *Gulf States Utils. Co. v. Ecodyn Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)) (alterations in original). The court is experienced in taking evidence, can disregard the signs of recent maintenance to the extent they are not relevant, and can generally keep admissible and inadmissible evidence separate in its understanding and analysis.

SUWA relies on *Lillie* to demonstrate that site visits are prejudicial. (Motion 7, ECF No. 456.) And in that case the site visit was found to be improper, and therefore prejudicial, but there the court took its visit "without providing counsel the opportunity to attend." *Lillie*, 953 F.2d 1188, 1189–91. But the visit contemplated by this court, unlike that in *Lillie*, will proceed according to an itinerary established through negotiations of all parties in the company of counsel from each party. Further, counsel from each party will have the opportunity to inform and instruct the court.[1] The court invites the parties to point out ways in which the present conditions differ from the pre-1976 conditions. Therefore, even were some prejudice to occur as a result of the visit, the fact of the court's experience, as distinguished from a jury as fact finder, and the parties' presence and guidance during the visit, mitigate the prejudice such that the probative value of the visit outweighs any prejudice.

Finally, SUWA's argument that the court lacks jurisdiction to require travel on to the K6200 and K7300 roads fails because the court's limited visit is not the sort barred by the

---

[1] In its Motion SUWA indicates it may decline to participate in the site visit of the K6200 and K7300 roads, which it believes are improper because those roads are closed under the Monument Management Plan. While SUWA is not obligated to go on these roads, if it choses not to participate, it will forfeit the opportunity to provide the court potentially important guidance and will waive the right to object to the communications made during the visit as ex parte.

Quiet Title Act. A limited site visit is not the sort of judicial conduct courts have previously found improper. The relevant portion of the Quiet Title Act states, "The United States shall not be disturbed in possession or control of any real property involved in any action under this section pending a final judgment or decree, the conclusion of any appeal therefrom, and sixty days." 28 U.S.C. § 2409a(b). As the United States observes, "a one-time, limited judicial inspection of the property at issue in this case is distinguishable from, for example, a preliminary injunction that would permit a QTA plaintiff use of the property during the pendency of the suit" (*id.* 4), where judicially permitted entrance into the property was improper. *See Downstate Stone Co. v. United States*, 651 F.2d 1234 (7th Cir. 1981) (concluding the court's imposition of an injunction barring the United States from enforcing criminal trespass statues against QTA plaintiff who cleared seven acres of the contested tract during the pendency of the litigation); *Hazel Green Ranch, LLC v. U.S. Dep't of the Interior*, Case No. 1:07-cv-414, 2008 WL 2876194 (E.D. Cal. July 24, 2008) (concluding the court did not have power to grant a writ of mandamus compelling the National Park Service to allow public vehicular traffic over a road during the quiet title proceedings). This site visit is consistent with proceedings in previous R.S. 2477 cases tried in this district, *see Kane County v. United States*, Case No. 2:08-cv-315, 2013 U.S. Dist. LEXIS 40118, *4 (D. Utah March 20, 2013); *San Juan County v. United States*, Case No. 2:04-cv-552, 2011 U.S. Dist. LEXIS 58460, *4–5 (D. Utah May 27, 2011), and is perhaps even necessary to the resolution of the case, and it will be conducted in a manner to have minimal impact.

In sum, the court concludes a site visit will produce relevant evidence and is an important part of the court's ability to understand and place in context the evidence presented at trial. Therefore the court overrules the objection SUWA's Motion sets forth.

Dated this 5th day of October, 2018.

BY THE COURT

Clark Waddoups
United States District Court Judge