IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY (II), UTAH,<br><br>Plaintiff, and<br><br>STATE OF UTAH,<br><br>Intervenor-Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS<br>ALLIANCE *et al.,*<br><br>Intervenor-Defendants. | **MEMORANDUM DECISION<br>AND ORDER<br>STRIKING NOTICE OF<br>SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:10-cv-1073 (Consolidated<br>2:11-cv-1031, 2:12-cv-476)<br><br>Judge Clark Waddoups |

Kane County and the State of Utah (the "plaintiffs") move to strike the Notice of
Supplemental Authority that SUWA filed on July 31, 2020. In turn, SUWA moves for leave to
file an opposition memorandum to the plaintiffs' motion. For the reasons stated below, the court
grants plaintiffs' motion and strikes SUWA's motion.

## FACTUAL and PROCEDURAL BACKGROUND

On July 30, 2020, SUWA filed a Motion for Leave to File Notice of Supplemental
Authority. SUWA requested to submit the following:

> Authority identifying (1) SUWA's recently filed lawsuit against the
> Bureau of Land Management ("BLM") related to Kane County's
> proposed installation of a new bridge across Bull Valley Gorge
> along the Skutumpah Road, and (2) the United States' recent
> Petition for Writ of Certiorari to the United States Supreme Court
> related to the Tenth Circuit's decision granting SUWA intervention
> as of right in *Kane I.*

Mot. for Leave to File Notice of Supp. Auth., at 1–2 (ECF No. 660).  The court granted the motion the following day, *see* Order Granting Mot. for Leave (ECF No. 661), and SUWA filed its notice shortly thereafter.  Notice of Supp. Auth. (ECF No. 662).

The Notice contains a copy of a Complaint SUWA filed pertaining to a "bridge at Bull Valley Gorge along the Skutumpah road."[1]  *Id.* at 2 (ECF No. 662) (the "Bull Valley Complaint").  The Bull Valley Complaint was filed on July 29, 2020, the day before SUWA moved to file a Notice of Supplemental Authority.  SUWA contends the Bull Valley "lawsuit is relevant to pages 8–21 of SUWA's pending Motion" to Intervene in *Kane II* because the lawsuit "relates to whether the United States' and SUWA's interests are aligned and whether the United States adequately represents those interests."  Notice of Supp. Auth., at 2.

The Notice also contains a copy of "a Petition for Writ of Certiorari to the United States Supreme Court related to the Tenth Circuit's decision granting SUWA intervention as of right in the *Kane I* case."  *Id.* at 3.  The United States filed the Petition.  SUWA contends the Petition affirms the United States and the plaintiffs "are in fact still pursing settlement, and that while the United States wishes to settle these cases, SUWA does not."  *Id.*  Consequently, the Petition also relates to whether the United States adequately represents SUWA's interests.  *Id.*

On August 14, 2020, the plaintiffs filed a Motion to Strike Intervenor Defendant's Notice of Supplemental Authority.  They assert SUWA's supplemental authority "consists of two recent filings—not decisions."  Mot. to Strike, at 2 (ECF No. 669).  They further assert "[b]ecause the filings in question are not 'authority,' and because Intervenor-Defendants' Notice is an illegitimate effort to place evidence before this Court *ex post facto*, Intervenor-Defendants'

---

[1]  Skutumpah is at issue in *Kane I*, not this lawsuit.

Notice of Supplemental Authority should be stricken." *Id.* SUWA seeks leave to file an opposition memorandum to the Motion to Strike.

## ANALYSIS

### I.   SUPPLEMENTAL AUTHORITIES

SUWA's Notice of Supplemental Authority seeks to supplement its pending Motion to Intervene. Local rule DUCivR 7-1(b)(4) allows citation to supplemental authorities "[w]hen pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed." Rule 28(j) of the Federal Rules of Appellate Procedure likewise allows citation to supplemental authorities "[i]f pertinent and significant authorities come to a party's attention after the party's brief has been filed." Because the two rules are nearly identical, cases interpreting Rule 28(j) inform this court's decision.

In *Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013), the Court stated the proper function of Rule 28(j) is "to advise the court of 'new authorities' a party has learned of" after briefing or oral argument. Its purpose is not "to introduce any sort of new issue after briefing is complete." *Id.* The Court cautioned that allowing improper supplementation "invites an unsavory degree of tactical sandbagging by litigants." *Id.* (citations omitted).

In *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986), a party sought to supplement the record pursuant to Rule 28(j) "with evidence of action taken by the federal government to dismiss certain counts of indictment against Trans-Sterling." The Court stated, "Rule 28(j) permits a party to bring new *authorities* to the attention of the court; it is not designed to bring new evidence through the back door." *Id.* (emphasis in original); *see also Packsys v. Exportadora De Sal, S.A de C.V.*, 899 F.3d 1081, 1090 n.5 (9th Cir. 2018) (finding submission of

confidential materials from an arbitration proceeding constituted evidence and not supplemental authority); *Lawrence v. Chabot*, 182 F. App'x 442, 455 n.5 (6th Cir. 2006) (finding effort to supplement the record with information about a person's bar admission constituted improper use of Rule 28(j) because such information was not "supplemental authorities at all;" it was evidence).

SUWA is aware of these requirements for this is not the first time SUWA has attempted to use the "supplemental authority" rule improperly.  SUWA was an intervenor-defendant in *Utah v. United States DOI*, 535 F.3d 1184, 1185 (10th Cir. 2008), and challenged a settlement reached by Utah and the United States Department of Interior concerning state trust lands.  The district court dismissed SUWA's claims.  *Id.* at 1186.  On appeal, SUWA submitted "supplemental authority" that "relate[d] to BLM's implementation and interpretation of the settlement."  *Id.* at 1195 n.7. The Tenth Circuit stated, "the information submitted [was] not truly supplemental authority under Rule 28(j) but rather new evidence," which may not be submitted via Rule 28(j).  *Id.* (citing *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005) (stating "Rule 28(j) *cannot* be used to submit new evidence to the appeals court") (emphasis in original)) (other citation omitted).

In this case, SUWA submitted a copy of a Complaint it recently drafted and filed against the United States.  Although an "unverified complaint is not evidence," *Williams v. McCallin*, 439 F. App'x 707, 710 (10th Cir. 2011) (citing *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007)), and merely contains a party's assertions, SUWA seeks to use the Complaint as evidence to show the United States does not adequately represent SUWA's interests.

SUWA likewise attempts to use the United States' Petition for Certiorari as evidence. SUWA contends the Petition shows there are ongoing settlement discussions between the plaintiffs and the United States concerning R.S. 2477 roads, contrary to SUWA's interests.

The Complaint and Petition may be legal documents, but they are not "supplemental authority" in the typical sense of that phrase. Moreover, use of the documents to bolster the evidence in support of SUWA's Motion to Intervene is an improper use of the "supplemental authority" rule. The court therefore grants the plaintiffs' Motion to Strike.

## II.     MOTIONS BY SUWA

Presently, SUWA has limited permissive intervention in this case. Based on SUWA's past conduct in circumventing the court's orders, the court has restricted SUWA from filing motions in this case. *Kane Cty. (2) v. United States*, 333 F.R.D. 225, 245 (D. Utah 2019). An exception was made to allow SUWA to file a fifth motion to intervene based on the Tenth Circuit's decision in *Kane County (1) v. United States*, 950 F.3d 1323 (10th Cir. 2020). That allowance was not intended to open a door where SUWA may file motions in this case, including any "motion for leave to file." SUWA's latest actions demonstrate, in part, why the court has put these restrictions in place. The amount of resources expended to address this improper filing concerns the court.

Now that briefing is complete on the Motion to Intervene, the court reaffirms its prior ruling and directs SUWA to abstain from filing additional motions (including motions for leave to file) unless the court informs SUWA such a restriction is lifted. Because such restriction continues in place at the present time, and further argument on the Motion to Strike is not warranted, the court strikes SUWA's motion for leave to file an opposition.

## CONCLUSION

For the reasons stated above, the court GRANTS the plaintiffs Motion to Strike (ECF No. 669).   Accordingly, SUWA's Notice of Supplemental Authority (ECF No. 662) is hereby stricken from the record.   The court further STRIKES SUWA's Motion for Leave to File Opposition (ECF No. 673).

DATED this 24th day of August, 2020.

BY THE COURT:

Clark Waddoups
United States District Court Judge