IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY (2), UTAH,<br>        Plaintiff, and<br><br>STATE OF UTAH,<br>        Intervenor-Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE *et al.*,<br>        Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**<br><br>Case Nos. 2:10-cv-1073<br>(Consolidated 2:11-cv-1031, 2:12-cv-476)<br><br>Judge Clark Waddoups |

On June 6, 2022, this Court issued an Order denying Southern Utah Wilderness Alliance's ("SUWA") motion to intervene as of right under Federal Rule of Civil Procedure 24(a). *See* Mem Dec (ECF No. 727). On June 23, 2022, SUWA filed a Motion for Certification of Order for Interlocutory Appeal. Plaintiffs do not oppose the certification. Response to Mot., at 2 (ECF No. 731). Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal if (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion about the question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

Here, the issue at hand is whether SUWA may intervene as of right because the United States may not adequately represent its interests. This is a controlling question of law as to SUWA's involvement in this case.

The second element requires showing there is a substantial ground for difference of opinion about the question. In *Kane County (1) v. United States*, 928 F.3d 877, 882 (10th Cir. 2019) (hereinafter "*Intervention Ruling*"), the Tenth Circuit ruled that SUWA had a right to intervene on the issue of scope for the R.S. 2477 rights-of-way in that case. SUWA contends the ruling mandates intervention as of right in this case as well. Based on prior rulings by the Tenth Circuit, including an *en banc* decision, this court concluded there is not a *per se* requirement in the Tenth Circuit that allows SUWA intervention as of right in R.S. 2477 road cases. Moreover, the court concluded that the facts and procedural posture in *Kane County (1)* are distinguishable from those in *Kane County (2)*. Accordingly, the court concluded that the *Intervention Ruling* was distinguishable and did not impose a de facto rule requiring that SUWA be allowed to intervene as of right.

The *Intervention Ruling* is a novel decision, however, in that the Tenth Circuit had previously twice denied intervention in *Kane County (1)*. In SUWA's third motion to intervene in that case, a two-judge panel distinguished the prior rulings and the *San Juan* en banc decision, *San Juan County, Utah v. United States*, 503 F.3d 1163, 1167 (10th Cir. 2007). Such ruling appears limited to the specific facts remaining at issue in *Kane County (1)*. Because of the novelty of the decision, however, questions remain about the decision's scope, including whether it created a de

facto rule that requires allowing SUWA to intervene as of right on all issues in R.S. 2477 cases.[1] *United Transp. Union Loc. 1745 v. City of Albuquerque*, 178 F.3d 1109, 1114 (10th Cir. 1999) (allowing interlocutory appeal where district court concluded the "controlling question herein is novel and has not been previously ruled upon in this circuit"). Moreover, this question impacts not only the *Kane County (1)* and *(2)* cases, but eighteen other R.S. 2477 cases. *See Shakur v. Malcom*, 525 F.2d 1144, 1147 (2d Cir. 1975) (stating an interlocutory appeal may be appropriate when "the issue presented is of broad applicability"). Accordingly, the court concludes the second element under § 1292(b) has been satisfied.

The final element requires showing an immediate appeal may materially advance the ultimate termination of the litigation. Absent an immediate appeal, the parties in this case face the possibility of needless duplication should the Circuit later rule that SUWA should have been allowed to intervene as of right. The parties face having to re-do significant portions of the present litigation. Based on the nature of R.S. 2477 cases, such litigation extends over the course of many years and any such duplication would greatly extend resolution of these proceeding. Thus, an immediate appeal will materially advance the ultimate termination of the litigation. Moreover, because of how many R.S. 2477 cases are presently before the court, an interlocutory appeal would be helpful to resolve the uncertainty of how prior Tenth Circuit cases should be applied in the pending cases.

---

[1] In *Kane County (1)*, the panel distinguished the prior cases solely on the ground of scope of title. Nevertheless, in *Kane County (2)*, SUWA contends the *Intervention Ruling* applies not just to scope, but all issues, such that the court is required to allow SUWA to intervene as of right on all R.S. 2477 issues.

Based on the above, the Court GRANTS SUWA's Motion for Certification of Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) (ECF No. 730).[2]

DATED this 9th day of July, 2022.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[2] This certification applies only to SUWA's motion to intervene as of right and not to the issue about SUWA's limited permissive intervenor rights.