IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision, and STATE OF UTAH,<br><br>    Plaintiff and (Plaintiff-Intervenor, as to State of Utah),<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Permissive Intervenor-Defendants. | **AMENDED MEMORANDUM DECISION AND ORDER DENYING SUWA'S MOTION re: STAYING DISTRICT COURT PROCEEDINGS**<br><br>Case No. 2:10-cv-01073<br><br>Judge: Hon. Clark Waddoups |

    This matter is before the court on SUWA's Expedited Motion for Leave to File Expedited Motion to Stay District Court Proceedings Pending Interlocutory Appeal. SUWA filed a fifth Motion to Intervene as of right in this matter, which the court denied. SUWA has been granted leave to file an interlocutory appeal. SUWA now requests leave to file a motion to stay this proceeding while it appeals so it may "protect its position as an alleged interested party." Mot. for Leave, at 2 (ECF No. 741) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004)). The court denies SUWA's motion for leave to file a motion to stay.

## ANALYSIS

When determining whether a stay is warranted, SUWA must show (1) likelihood of success on the merits; (2) irreparable harm "'in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay.'" *United States v. Various Tracts of Land in Muskogee & Cherokee Ctys.*, 74 F.3d 197, 198 (10th Cir. 1996) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

### A.  SUWA Is Not Likely to Succeed on the Merits

Although SUWA was permitted to intervene as of right, on the issue of scope, in another R.S. 2477 Road Case, *see Kane County (1) v. United States*, 928 F.3d 877 (10th Cir. 2019), the court has concluded the unique facts supporting intervention in *Kane County (1)* are distinguishable from those in this action. Based on the court's analysis when it denied SUWA's fifth Motion to Intervene in this case, the court concludes SUWA cannot show a likelihood of success on the merits.

### B.  SUWA Will Not Suffer Irreparable Harm

A three-week bellwether Bench Trial was concluded in this case in February 2020. Post-trial briefing has concluded. The court is now addressing the briefing in two stages. A hearing is scheduled for October 13, 2022 on the United States' Motion to Dismiss every bellwether road on jurisdictional or statute of limitations grounds. If the United States prevails, SUWA will have suffered no harm. If the United States does not prevail, and the Tenth Circuit allows SUWA to intervene as of right, the jurisdictional and statute of limitations issues may be revisited with no harm to SUWA.

Once the jurisdictional and statute of limitation issues are addressed, if any roads remain at issue, a subsequent hearing will be scheduled to address whether the State or Kane County has established an R.S. 2477 right-of-way. Were the Tenth Circuit to allow SUWA intervention as of right

in this case, these issues likewise may be revisited with no irreparable harm to SUWA. Accordingly, the court concludes SUWA cannot show irreparable harm.

C. **Other Parties Will Be Substantially Harmed by the Entry of a Stay**

SUWA has advised the court "that Kane County and Utah oppose" SUWA's motion seeking leave to file a motion to stay, and that "the United States takes no position on the Motion." Mot. for Leave, at 2 (ECF No. 741). This case has already experienced significant delays due to the pandemic and the complexity of the issues before the court. The bellwether process is to test legal theories. Until this segment of the case is concluded, resolution of R.S. 2477 claims on other roads in Kane County has been halted. During these delays, some witnesses have passed away and a lack of clarity has existed about which party is responsible for road maintenance and repair, and what procedures must be followed when addressing such issues. Delaying this case further, when SUWA is not likely to prevail on the merits, will work a substantial harm. Thus, the court concludes this factor also weighs against staying these proceedings.

D. **The Public Interest Does Not Favor a Stay**

It is important to note that, "by virtue of the court's Order denying" SUWA's Motion to Intervene as of Right, SUWA "is not a party to this action." *Snap Advances v. Caring Hands & Supplementary Enrichment Educ.*, No. 2:18-CV-00347, 2020 WL 1031797, at *1 (D. Utah Jan. 28, 2020). SUWA's alleged interest, therefore, stands on a different footing than a party who seeks to stay a case.[1]

---

[1] SUWA presently has the status of a limited permissive intervenor, which does not afford SUWA the same rights as the original parties.

Additionally, roads in Kane County often are subject to flash floods or other weather elements. The public has an interest in the safe travel of roads, and it is important for there to be a clear delineation about which governmental entity is responsible for the repair and maintenance of such roads. The public also has an interest in knowing whether a road is open or closed. Finally, the public has an interest in the resolution of legal matters. Although SUWA may claim environmental interests, its interests are but one of many that exist in Kane County. Due to the many competing interests surrounding R.S. 2477 claims, the public has an interest in their resolution. The court therefore concludes this factor also weighs against SUWA.

## CONCLUSION

Because SUWA cannot satisfy the requirements for a stay, granting SUWA leave to file a motion to stay, would be contrary to the interests of judicial efficiency. Accordingly, the court denies SUWA's motion for leave to file a motion to stay (ECF No. 741).

DATED this 21th day of September, 2022.

BY THE COURT:

Clark Waddoups
United States District Judge