HOLLAND & HART LLP
Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Michelle Quist (#13559)
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
mlquist@hollandhart.com

Rob Van Dyke (#12704)
Deputy Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
rvandyke@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Anthony L. Rampton (#2681)
Kathy A.F. Davis (#4022)
Kaitlin Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Sean D. Reyes (#7969)
UTAH ATTORNEY GENERAL
5110 State Office Building
P.O. Box 142477
Salt Lake City, Utah 84114-2477
arampton@agutah.gov
kathydavis@agutah.gov
kaitlindavis@agutah.gov
Telephone: (801) 538-9819

*Attorneys for Plaintiff State of Utah*

**IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, | **PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>**Case No. 2:10-cv-01073**<br><br>(consolidated with 2:11-cv-1031, 2:12-cv-476)<br><br>Judge: Hon. Clark Waddoups |

Plaintiffs Kane County, Utah and the State of Utah ("Plaintiffs"), provide this response to the United States' Notice of Supplemental Authority [ECF 762] ("Notice").

As stated in the Notice, the Supreme Court in *Wilkins v. United States*, 598 U.S. --, 143 S.Ct. 870 (2023), held that the statute of limitations in the federal Quiet Title Act "(QTA)", 28 U.S.C. 2409a(g) "is a non-jurisdictional claims-processing rule." *Id*. at 881. This holding is significant because a plaintiff has the burden of proving subject matter jurisdiction, and challenges to subject matter jurisdiction can be raised at any time—even on appeal after final judgment. "Given this risk of disruption and waste that accompanies the jurisdictional label, courts will not lightly apply it to procedures Congress enacted to keep things running smoothly and efficiently." *Id*. at 876. "Loosely treating procedural requirements as jurisdictional risks undermining the very reason Congress enacted them." *Id*. Under *Wilkins*, the QTA's limitations period is to be construed as a "mundane statute-of-limitations." *Id*. at 877 (quotation marks omitted).

The United States' Amended Motion to Dismiss [ECF 671] ("Motion") contends that there is not yet a dispute as to title for some roads, and equally that the statute of limitations has run. *See, e.g.*, Motion at 12 n.4, 14-15. The Supreme Court's holding in *Wilkins*, that the QTA has a run-of-the-mill statute of limitations, confirms that the United States has not shown that Plaintiffs filed too late. *See* State of Utah's Opposition to Defendant The United States' Amended Motion to Dismiss [ECF 686], at 4-12; Kane County's Memorandum in Opposition to the United States' Amended Motion to Dismiss [ECF 691], at 28-34.

//

DATED this 25th day of May 2023.

    HOLLAND & HART LLP

    */s/ Shawn Welch*
    Shawn T. Welch
    Richard D. Flint
    Michelle L. Quist
    *Attorneys for Plaintiff Kane County, Utah*

    UTAH ATTORNEY GENERAL'S OFFICE

    */s/ Anthony L. Rampton\**
    Anthony L. Rampton
    Kathy A.F. Davis
    Kaitlin Tess Davis
    Assistant Attorneys General
    *Attorneys for Plaintiff State of Utah*

    *\* Signed with permission given to filing counsel*

21504991_v1