TODD KIM, Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS, United States Attorney (7349)
MELINA SHIRALDI, Assistant United States Attorney (13110)
MICHAEL D. SMITH, Special Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

Attorneys for Defendant United States of America

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

---

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3), and (4), a Utah political subdivision; GARFIELD COUNTY (1), UTAH, a Utah political subdivision, and STATE OF UTAH, | **DEFENDANT UNITED STATES' SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS** |
| Plaintiffs (or Plaintiff-Intervenor, as to State of Utah in Kane County (2)), | Case Nos. 2:10-cv-01073-CW; 2:11-cv-1045-CW |
| v. | Judge Clark Waddoups |
| UNITED STATES OF AMERICA, | |
| Defendant, | |
| and | |
| SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*, | |
| Defendant-Intervenors. | |

The United States has filed motions to dismiss [*Garfield (1)* ECF No. 325; *Kane (2)* ECF Nos. 671 and 755], which were heard by this Court on July 27, 2023. *See Garfield (1)* ECF No. 336. Subsequently, this Court ordered supplemental briefing on three questions:

1.  What is the proper definition of a "holder" of an R.S. 2477 right-of-way?

2.  If a "holder" includes one who holds a vested property right, even if title has not been perfected, does the act of refusing to consult on a road improvement, or the act of refusing to allow regular maintenance, constitute a denial that the State and County hold an R.S. 2477 right, so as to trigger the case or controversy requirement under the QTA?

3.  If so, when was the statute of limitations triggered, if at all, for the remaining eight roads at issue?

*Garfield (1)* ECF No. 337; *Kane (2)* ECF No. 773 ["Supplemental Briefing Order"]. The United States filed its Supplemental Brief [*Kane (2)* ECF No. 776], and Plaintiffs have filed their Response [*Kane (2)* ECF No. 780].

Plaintiffs' Response reveals the importance of clarifying just what is (and is not) at issue in this supplemental briefing (as opposed to being at issue in these cases generally). The United States does not understand the Supplemental Briefing Order to invite general briefing on any of a variety of issues generally at issue in these cases. And, at least at times, Plaintiffs similarly profess to understand the limited nature of this supplemental briefing. *See* Plaintiffs' Response at 6 (asserting that certain "discussion is inapposite to the issues the Court identified for supplemental briefing").

For example, the United States' Supplemental Brief does not raise any issues involving the application of the QTA's statute of limitations for "the eight remaining roads." Supplemental Briefing Order at 7 and 7 n.4; *compare* Plaintiffs' Response at 2, 8-11, 20-21, *with* Supplemental Brief at 7-11. In other words, the United States has not suggested, for these eight claims, that the Plaintiffs are time barred from bringing QTA claims. Instead, the United States has asserted that

there is no jurisdiction for these eight claims because there is no triggering title dispute.  But, in this context, the admission that "Plaintiffs cannot definitively identify a specific event that 'triggered' the QTA's statute of limitations," Plaintiffs' Response at 20-21, is significant.  That is because, as the United States has often noted, *see, e.g.*, *Kane (2)* ECF No. 671 at 13 (noting "this 12-year window"), the triggering event for the QTA's statute of limitations is a "disputed title."  Thus, Plaintiffs' failure to identify a proper title dispute is precisely why the claims for the remaining eight roads must be dismissed.

Similarly, the Supplemental Brief does not raise any issues involving a "final rule or regulation . . . pertaining to the recognition, management or validity of a right-of-way pursuant to [R.S. 2477][.]"  *See* Plaintiffs' Response at 4, 5, 18 n.9.  Nor does the Supplemental Briefing Order or Plaintiffs' Response even suggest that there is any such final rule or regulation that may be relevant.  To be sure, as Plaintiffs concede, the United States otherwise maintains authority to manage, i.e., regulate, public lands consistent with the direction in the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701-1787.  *See* Plaintiffs' Response at 5 (noting that Plaintiffs "have no quarrel with the BLM's authority to protect [and manage] public lands from unnecessary and undue degradation").  Thus, the proper question should simply be whether any such acts by the United States have disputed title.

Likewise, the Supplemental Brief does not even suggest that the United States has made any "administrative determination" involving any of the remaining eight roads at issue, or contested that "administrative determinations do not bind anyone."  *Cf.* Plaintiffs' Response at 6-

7.  In other words, there are no administrative determinations at issue or otherwise relevant to this supplemental briefing.[1]

All that is really at issue in this supplemental briefing is whether, for any of the remaining eight roads at issue, Plaintiffs have been able to meet the QTA's requirement for a "disputed title" consistent with the Tenth Circuit's standards announced in *Kane County v. United States* (*Kane (1)*), 772 F.3d 1205, 1210-12 (10th Cir. 2014), *abrogated on other grounds by Wilkins v. United States*, 598 U.S. 152 (2023).  As set forth in the United States' Supplemental Brief, Plaintiffs have failed to properly establish that title has been disputed for any of the remaining eight roads now at issue.  And Plaintiffs' Response does not provide any effective argument to the contrary.

In part, this may be because Plaintiffs appear to recognize that any issues they may have with *Kane (1)* and its standard for disputed title can only be preserved for appeal.  *See* Plaintiffs' Response at 13 n.6 (noting that "[t]he Tenth Circuit will be called upon to address *Kane (1)*'s statement regarding a 'cloud on title'").  Plaintiffs' issues with the *Kane (1)* decision are not properly before this Court, other than to potentially preserve them for appeal.  For now, this Court should simply follow *Kane (1)* and dismiss these eight claims now at issue, which would then allow Plaintiffs to have the option to raise such issues on appeal.[2]

---

[1]     Although Plaintiffs are not clear, to the extent that they are arguing that the failure to issue administrative determinations could provide the necessary title dispute, any such argument would fail as it would not meet the proper standard for "disputed title" discussed below.

[2]     Plaintiffs do not appear to suggest that this Court can ignore *Kane (1)*.  Or, if they are attempting to suggest this, they would be incorrect.  Plaintiffs are correct that "[a]n appellate panel cannot overturn a prior panel decision as it is 'bound by the earlier decision'."  Plaintiffs' Response at 13 n.6 (citation omitted).  And they are also correct that "the panel in *Kane (1)* could not overturn *Knapp*."  *Id.*  Of course, the panel in *Kane (1)* did not purport to overturn *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir. 1980).  Instead, *Kane (1)* was quite clear that "[t]he

Rather than identify any instances where title was disputed for any of these eight claims, Plaintiffs' Response instead simply focuses on instances where the United States has merely failed to recognize or acknowledge Plaintiffs' claimed rights. *See* Plaintiffs' Response at 8, 15-16, 18-21. For example, Plaintiffs complain about "statements that Plaintiffs have no right, title or interest in any R.S. 2477 right-of-way 'unless and until' proven in court." Plaintiffs' Response at 18. But this is correct, as a matter of law, at least from the United States' point of view. Without quieted title, and without any administrative determination, the United States is merely faced with assertions of rights, not any "right, title or interest" that has been "proven in court." And without either, the United States is free to take no position on whether or not Plaintiffs' assertions of rights are correct.[3] That this fails to meet the threshold requirement for "disputed title" has already effectively been resolved by the Tenth Circuit in *Kane (1)*, when it noted that the United States' denial of allegations in a complaint did not dispute title. *Kane (1)*,

---

issue of what is required to satisfy the QTA's 'disputed title' requirement is one of first impression in this circuit." 772 F.3d at 1211. Fundamentally, however, any argument Plaintiffs may think they have in this regard should be reserved for any appeal.

[3]        Plaintiffs note that they have been sued before for trespass, Plaintiffs' Response at 19 (citing *SUWA v. BLM*, 425 F.3d 735 (10th Cir. 2005), to suggest that this "expressly disputed" their title. But this is a non-sequitur. To be sure, a trespass action could be brought when title is disputed. But a trespass action could also be brought when there is no position on whether there is any title, and instead simply based on an assertion that even if title exists, acts have occurred that exceed the scope of any such title. Plaintiffs have cited nothing to suggest that this trespass action necessarily involved any disputed title. Plaintiffs also cite to *Kane County v. Salazar*, 562 F.3d 1077 (10th Cir. 2009); and *Wilderness Society v. Kane County*, 632 F.3d 1162 (10th Cir. 2011)), as cases where their "title was expressly disputed." Plaintiffs' Response at 19. But that is also not correct. As Plaintiffs also note, *Salazar* was simply an Administrative Procedure Act (APA) case involving "unproven property interests in federal land," and *Wilderness Society* involved "the premise that the county could not manage its roads on federal lands 'unless and until Kane County proves in a court of law that it possesses a right-of-way to any' of its roads." *Id*. at 18-19. In other words, both of those cases are just another example of a situation where the United States has merely failed to recognize or acknowledge Plaintiffs' claimed rights. As discussed below, that alone is insufficient to dispute title. Rather, what matters is whether, in such a circumstance, the United States has taken any other actions, or made any other assertions, that could meet the requirements for a title dispute.

-5-

772 F.3d at 1213.[4]  This Court's decisions have been in accord.  *See* Supplemental Briefing Order at 8 (noting that the United States "may refuse to enter into informal determinations of title without creating a case or controversy"); Memorandum Decision and Order Denying SUWA'S Fifth Motion to Intervene as of Right and Retaining Fourth Amended Permissive Intervention Order [ECF No. 727] at 13 and 13 n.13 (noting that it would be "illogical to conclude that Kane County holds title to all 770 claims (approximately) it has made in its consolidated complaints" and that "[f]or the State and County to prove they acquired these roads before FLPMA's passage, courts have required Plaintiffs to file a quiet title action under 28 U.S.C. § 2409a.").

To be sure, as already explained in the Supplemental Brief, if Plaintiffs are correct in their assertions of title, they are a "holder" of such rights, and have been since at least 1976. However, as also explained in the Supplemental Brief, a failure to recognize or acknowledge Plaintiffs' claimed rights is distinct from the QTA's requirement for a "disputed title" and is not by itself sufficient to meet this requirement.  At most, that could be a necessary condition, but not a sufficient one.  When the United States fails to recognize or acknowledge Plaintiffs' claimed rights, it is possible that the United States may then take other actions (or make other assertions) that suffice to meet the QTA's requirement for a "disputed title."  Indeed, the United States has already acknowledged such disputes involving claims other than the eight claims now at issue, through acts such as closing a claimed right-of-way to the general public under a travel

---

[4]       Plaintiffs cite to *Metro. Water District of Salt Lake and Sandy v. Sorf*, 2019 UT 23, 445 P.3d 443, *see* Plaintiffs' Response at 16-17, but that case is not a QTA case, and does not involve the QTA's jurisdictional requirement for a "disputed title."  And, in any event, Plaintiffs here have alleged no parallel to the "live dispute" in that case – "improvements [that] have unreasonably interfered with [the plaintiff's] property rights."  Plaintiffs' Response at 17 (quoting *Sorf*).  Indeed, Plaintiffs have generally failed to respond to the requirement that their allegations of disputed title must be grounded in their operative pleadings.  Plaintiffs' Response at 19-20 cites only a few paragraphs from a complaint, but these only pertain to alleged failures to recognize Plaintiffs' claims, rather than a necessary dispute of such claims.

management plan. But for these eight claims now at issue, as already explained in the Supplemental Brief, Plaintiffs have failed to properly establish any acts or assertions that actually disputed title under the *Kane (1)* standard.

The Court and now Plaintiffs have suggested that "[t]he United States' refusal to consult on road improvements" "stands on 'different footing'." Plaintiffs' Response at 15 (quoting Supplemental Briefing Order at 8). But this is not correct. Consultation is a specific requirement imposed on holders for improvements to their R.S. 2477 rights-of-way, *see, e.g., Kane (1)*, 772 F.3d at 1224. But, as already noted, when the holder status has not yet been determined, the United States need not take any position on Plaintiffs' assertion of title, and such a circumstance by itself will not have disputed title within the meaning of the QTA. *See* Supplemental Brief at 9-10. Which means that the United States need not treat Plaintiffs as holders, including through formal consultations of the type described in *Kane (1)*. What matters is whether this also led the United States to make assertions or take actions (either direct or indirect) that "either expressly disputed title or . . . implicitly disputes it." *Id.* at 1212. Such as, for example, failing to allow in any way the improvements Plaintiffs' claim as part of their asserted rights. But again, for these eight claims now at issue, Plaintiffs have failed to properly establish any acts that actually disputed title under this proper standard. Indeed, for most of these eight claims, Plaintiffs do not even allege that they have ever sought to improve these claimed roads, or ever sought to consult with the United States about any such improvements. Moreover, as the United States noted in its Supplemental Brief, "Federal Defendants have been willing to discuss allowing [the] road work, regardless of whether Plaintiffs hold sufficient rights[.]" Supplemental Brief at 8. Plaintiffs have not contested this assertion, and instead merely point to instances where the United States has failed to recognize or acknowledge Plaintiffs' claimed rights. *See, e.g.,* Plaintiffs' Response

at 16 (noting Mr. Hoffman's opinion for the United States that, in the view of the United States, "[t]he holder is none *at this time*") (emphasis added).  But statements that take no position on claimed rights do not actually conflict with asserted rights, and, at most, merely create some ambiguity regarding holder status.  That is not sufficient to establish the required disputed title.

Accordingly, the eight claims now at issue should be dismissed for lack of jurisdiction due to a lack of a necessary disputed title.

Respectfully submitted this 12th day of January, 2024,

TODD KIM
Assistant Attorney General

 */s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS (7349)
United States Attorney
District of Utah
MELINA SHIRALDI (13110)
Assistant U.S. Attorney
MICHAEL D. SMITH
Special Assistant U.S. Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

*Attorneys for Defendant United States of America*

Of Counsel:
Cameron B. Johnson
Office of the Regional Solicitor
U.S. Department of the Interior