TODD KIM, Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS, United States Attorney (7349)
MELINA SHIRALDI, Assistant United States Attorney (13110)
MICHAEL D. SMITH, Special Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3), and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs (or Plaintiff-Intervenor, as to State of Utah in Kane County (2)),<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>Defendant-Intervenors. | **DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' REQUEST FOR HEARING [ECF No. 786]**<br><br>Case Nos. 2:10-cv-01073-CW;<br><br>(Consolidated with Case Nos. 2:11-cv-1031-CW and 2:12-cv-476-CW)<br><br>Judge Clark Waddoups |

On Friday, July 19, 2024, Plaintiffs Kane County and the State of Utah filed a Request

for Hearing [ECF No. 786] (the "Request"). On July 23, 2024, this Court issued an Order

Setting Hearing and Granting Leave to Conduct Limited Discovery [ECF No. 787] (the "Order").  The United States provides this response because the Request is not tied to a specific motion pending before the Court and, therefore, is confusing.  The purpose for the evidentiary hearing (now set for August 21-22, 2024, Order at 1), which will inform the appropriate witnesses, requires clarification.

The Request asks for "a hearing . . . to address the long-needed installation of box culverts on the K6000 House Rock Valley Road at the Buckskin Wash crossing."  Request at 1-2.  But the Request is not tied to any pending motion that could be heard or that would require the examination of evidence.  Indeed, the only pending motion relating to this particular road claim is the United States' motion to dismiss [ECF 755].

To be sure, Plaintiffs filed a notice on April 4, 2024 [ECF No. 782] (the "First Notice") requesting that the Court issue a ruling on the United States's motions to dismiss.  But the Court had already held a hearing on these motions on July 27, 2023, *see* ECF Nos. 767-69, and partially decided the motions to resolve an issue not raised for the K6000 claim.  *Compare* ECF No. 773 at 11-12 ("[T]he court concludes Utah's seven-year statute of limitations does not bar the Bellwether road claims") *with* ECF No. 755 (motion to dismiss including the K6000 claim).  With respect to the K6000 claim, the issue of whether title has been disputed within the meaning of the Quiet Title Act remains undecided, *see* ECF No. 773 at 7 and n.4, and supplemental briefing has been ordered and completed, *see* ECF No. 773 at 11; ECF Nos. 776, 780, and 781.  Notably, Plaintiffs' First Notice did not then request a further hearing on that remaining issue, or any other still-pending aspect of the United States's motions to dismiss.  While it is unclear if the Request now seeks a further hearing, after supplemental briefing, on the motion to dismiss specific to the K6000 claim [ECF No. 755], the United States has no objection to construing the

Request in this manner. However, the Request does not identify the type of evidence that might be relevant to resolving this motion to dismiss. Indeed, as the Court previously observed, resolution of these motions to dismiss would focus on "whether the United States' position was *legally* correct." ECF No. 773 at 7 (emphasis added). Any such hearing, therefore, would not be an evidentiary hearing.

An alternate interpretation of the Request is that it relates to a second Notice also filed in April 2024. *See* ECF No. 783 (the "Second Notice"). This Second Notice, filed only by Plaintiff Kane County, also raised the asserted "serious need for box culverts to be installed on the K6000 House Rock Valley Road at the Buckskin Gulch crossing." Second Notice at 3. But, as the United States then noted in its Response, "the County may not unilaterally take action to improve the road." *See* Response, ECF No. 784. And the County then acknowledged that "Kane County will not be installing the culverts Monday, but we will seek a hearing before Judge Waddoups." ECF No. 784-1 at 4. No other information was provided about this suggested hearing, and at no time did any Plaintiff even suggest that an evidentiary hearing might be proper or necessary. If the Request now seeks the hearing suggested in the correspondence attached to the Response to the Second Notice, the United States has no objection to a generalized status hearing. However, there does not appear to be any basis for (or need for) an evidentiary hearing at this time.

Because the K6000 claim is currently subject to a motion to dismiss for lack of disputed title, and because this claim was not part of the Court's first "bellwether" trial, the current Request cannot relate to that part of the First Notice seeking to have the Court "determine the issue of title with respect to the fifteen Bellwether Roads." First Notice at 8. Indeed, the Request does not even mention the first "bellwether" trial. Moreover, any attempt to use the upcoming hearing to resolve the issue of title for the K6000 claim would be contrary to the

Court's Modified Bellwether Management Order [ECF No. 754], where the Court stated that "[i]f jurisdiction is resolved in Plaintiffs' favor, Plaintiffs may proceed on summary judgment for the K6000 House Rock Valley Road." And, as noted above, the K6000 claim is still subject to a motion to dismiss, and jurisdiction has yet to be resolved.

A third (charitable) interpretation of the Request could be to view it as a proactive request for a scheduling conference to address the K6000 claim, if jurisdiction is resolved in Plaintiffs' favor. To the extent that the Request is interpreted in this manner, the United States has no objection to a generalized scheduling conference. And if this claim eventually proceeds to summary judgment, it may be possible that an evidentiary hearing could then be appropriate. But, again, there does not appear to be any basis for (or need for) an evidentiary hearing at this time.

Given this Court's July 23, 2024 Order, the United States has begun to confer with Plaintiffs about "appropriate witness[es]." Order at 1. Plaintiffs have indicated that they intend to bring two witnesses to the upcoming hearing – Bert Harris and Sheriff Tracy Glover. While any future motion for summary judgment would normally proceed through discovery, to the extent that Plaintiffs' Request seeks to try to use the upcoming evidentiary hearing to adduce evidence for such a motion for summary judgment, the United States would object unless it has been provided an adequate opportunity for discovery in advance.[1] Plaintiffs have also inquired about any United States witnesses for the upcoming evidentiary hearing. But, as noted above, jurisdiction has not yet been resolved in Plaintiffs' favor and, even if it were, there is no motion for summary judgment yet before the court. Thus, at present, and without further clarification,

---

[1] The parties are currently conferring about depositions for Messrs. Harris and Glover in advance of the upcoming hearing.

the United States has not yet determined whether it wants to try to use the upcoming evidentiary hearing to adduce evidence for a possible future motion for summary judgment.[2]

A few other issues in the Request merit addressing at this time. First, the Request appears to acknowledge that the road work they want to discuss at this hearing – to install a culvert for the first time in an area where there is not an existing culvert to replace – would constitute an "improvement" as defined by the Tenth Circuit. *See* Request at 8 (quoting *SUWA v. BLM*, 425 F.3d 735, 749 (10th Cir. 2005). But Plaintiffs then go on to suggest that this Court may ignore this holding. *See id*. at 9-10. That suggestion is improper.[3] Consistent with the bellwether process, this is the type of issue that could be appealed to the Tenth Circuit (or may require an en banc appeal), but neither the parties nor this Court may ignore the long-standing distinction between maintenance and improvement noted with approval by the Tenth Circuit since at least as far back as *SUWA v. BLM*.

---

[2] To the extent that the United States decides to present any witnesses, it will confer with the parties and work with them to similarly provide the opportunity for deposition(s) in advance of the upcoming hearing.

Moreover, to the extent that Plaintiffs are suggesting that "Harry Barber" is not "a duly authorized management witness from Interior," they are simply incorrect, "[a]s shown in the remand trial in *Kane County (1) v. United States*, No. 08-cv-0315 CW (D. Utah))[.]" *Compare* Request at 10-11 *with, e.g., Kane (1)*, ECF No. 393 at 358 (lines 5-22) and 360 (lines 3-25) (Dec. 8, 2022 trial transcript for Harry Barber noting his authority as District Manager for the Paria River District and that he took a particular action involving an asserted R.S. 2477 right-of-way for BLM in his role as District Manager). Of course, whether Mr. Barber would be an appropriate witness for the upcoming hearing would depend on the specifics to be addressed at that hearing. As noted, further clarification is required in this regard.

[3] To the extent that Plaintiffs are attempting to rely on *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), *see* Response at 9, that reliance is misplaced for at least two reasons. For one, the panel in *SUWA v BLM* expressly rejected any reliance on or use of *Chevron* deference. *See SUWA v BLM*, 425 F.3d at 759-60. And, even if *SUWA v. BLM* had relied on *Chevron*, the Supreme Court has made clear that it would "not call into question prior cases that relied on the *Chevron* framework" and that "[m]ere reliance on *Chevron* cannot constitute a 'special justification' for overruling such a holding." *Loper Bright*, 144 S. Ct. at 2273.

Second, the Request briefly suggests that, perhaps at the conclusion of the evidentiary hearing, "the Court should enter its order allowing the County to install box culverts at Buckskin Wash, even on an interim basis and regardless of title to the road." Request at 11; *see also id*. at 2. But the Court lacks authority to grant any such relief. This case is limited to an action under the Quiet Title Act, 28 U.S. Code § 2409a, which thus limits this action to questions of disputed title (including, as appropriate, associated questions of scope). As noted above, title has not yet been determined for this claim. And the Quiet Title Act explicitly provides both that "[t]he United States shall not be disturbed in possession or control of any real property involved in any action under this section pending a final judgment or decree," and that "[n]o preliminary injunction shall issue in any action brought under this section." 28 U.S.C. § 2409a(b) and (c).

Third, the Request also briefly suggests that the requested hearing could somehow "require the BLM to pay for the excess maintenance and response costs" that Plaintiffs assert exist and could be somehow attributed to the United States. Request at 2, 11. But no authority is provided for this assertion. Plaintiffs have raised a similar issue in the related *Kane (1)* case also without any explanation or authority. *See Kane (1)*, ECF No. 430 at 3 (discussing the Skutumpah Road and stating that "[c]ompensation to the County caused by the United States' interference will be addressed later").

Finally, as noted in the correspondence associated with the Second Notice, any discussion about the work proposed in the Second Notice and again in the Request would first require "more details" about the proposed work. *See* ECF No. 784-1 at 2; *see also id*. at 5 (noting the need for "more specific details about the proposed work"). No such details have yet been provided. To the extent that Plaintiffs seek a hearing to discuss this proposed work, they should

provide such details sufficiently in advance of any hearing to allow them to properly be discussed at a hearing.

Respectfully submitted this 1st day of August, 2024,

        TODD KIM
        Assistant Attorney General

        /s/ *Joseph H. Kim*
        JOSEPH H. KIM, Trial Attorney
        Natural Resources Section
        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        (202) 305-0207

        TRINA A. HIGGINS (7349)
        United States Attorney
        District of Utah
        MELINA SHIRALDI (13110)
        Assistant U.S. Attorney
        MICHAEL D. SMITH
        Special Assistant U.S. Attorney
        111 South Main Street, Suite 1800
        Salt Lake City, UT 84111
        (801) 524-5682

        *Attorneys for Defendant United States of America*

Of Counsel:
Cameron B. Johnson
Office of the Regional Solicitor
U.S. Department of the Interior