IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Permissive Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER DENYING SUWA'S MOTION**<br><br>Case No. 2:10-cv-01073<br>Consolidated with:2:11-cv-1031 and 2:12-cv-476<br><br>Judge Clark Waddoups |

    This matter is before the court on a Motion to Implement Tenth Circuit Order and for Expedited Consideration filed by Intervenor-Defendants Southern Utah Wilderness Alliance, Sierra Club, The Wilderness Society, and Grand Canyon Trust (collectively "SUWA"). An evidentiary hearing is set in this case on August 21, 2024 to address an issue pertaining to the K6000 House Rock Valley Road. SUWA seeks to participate as of right at the hearing on the basis that the hearing allegedly will be addressing issues of scope.[1] SUWA contends it has a right to

---

[1] Contemporaneous with this ruling, the court has issued an order defining the scope of the evidentiary hearing. The court will not be addressing issues of scope at the hearing. Scope in this sense means determining the length and width of the road based on its historical use.

participate based on a ruling issued by the Tenth Circuit Court of Appeals on March 4, 2024. The court denies SUWA's motion.

## ANALYSIS

On June 6, 2022, the court denied SUWA's Fifth Motion to Intervene as of Right (ECF No. 727). On July 9, 2022, the court granted SUWA's Motion for Certification of Order for Interlocutory Appeal (ECF No. 732). The Tenth Circuit issued a ruling on March 4, 2024 (hereinafter the "March 4th Ruling"), reversing this court's order and stating that SUWA has a right to intervene on the issue of scope under the Quiet Title Act, 28 U.S.C. § 2409a. *Kane Cnty., Utah v. United States,* 94 F.4th 1017, 1021, 1035 (10th Cir. 2024). A Judgment was entered the same day reversing in part, affirming in part, and remanding the case to this court "for further proceedings in accordance with the" decision. Judgment, Appellate Case No. 22-4087, at 1–2 (10th Cir. Mar. 4, 2024). The Judgment was signed by the Clerk of Court. *Id.* at 2.

In his concurrence to the March 4th Ruling, Judge Kelly stated "[t]he court should revisit the unworkable construct it has created" related to SUWA's intervention rights in a Quiet Title Action. *Id.* at 1035 (Kelly, J., concurring). Kane County, the State, and the United States all filed petitions for a rehearing en banc and the matter is still pending before the Tenth Circuit as to whether an en banc rehearing will be granted. Thus, even though a Judgment was entered, no mandate has been issued because the March 4th Ruling potentially may be reversed en banc.

A mandate returns a case from an appellate court to a district court. "Simply put, jurisdiction follows the mandate." *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) (citation omitted). A mandate "bring[s] the proceedings in a case on appeal . . . to a close" and

"remove[s] it from the jurisdiction of [the appellate court], returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978); *see also In re Sunset Sales, Inc.*, 195 F.3d 568, 571 (10th Cir. 1999) ("'Issuance of the mandate formally marks the end of appellate jurisdiction.  Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate . . . .'" (quoting *Johnson v. Bechtel Assocs. Professional Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986))).

In this case, because no mandate has issued, jurisdiction remains with the Tenth Circuit on the issue before that Court and this court lacks jurisdiction until the mandate issues.[2]  The court therefore denies SUWA's Motion to Implement Tenth Circuit Order (ECF No. 789).

DATED this 13th day of August, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[2] Because SUWA's intervention status presently remains before the Tenth Circuit, the court is not addressing the length and width of any Bellwether Road at this time.  If rehearing en banc is denied or an en banc panel affirms the March 4th ruling, then similar to *Kane County (1)*, Case No. 2:08-cv-315 (D. Utah), SUWA will have the opportunity to introduce evidence and participate on the issue of scope for all the Bellwether roads, including the K6000 House Rock Valley Road.  In the meantime, SUWA may participate at the August 21, 2024, evidentiary hearing to the same extent as it did during the bench trial in this case.