TODD KIM, Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS, United States Attorney (7349)
MELINA SHIRALDI, Assistant United States Attorney (13110)
MICHAEL D. SMITH, Special Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

Attorneys for Defendant United States of America

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3), and (4), a Utah political subdivision; GARFIELD COUNTY (1), UTAH, a Utah political subdivision, and STATE OF UTAH, | **DEFENDANT UNITED STATES' PROPOSED SCHEDULE FOR THE COMPLETION OF THE FIRST BELLWETHER** |
|     Plaintiffs (or Plaintiff-Intervenor, as to State of Utah in Kane County (2)), | Case Nos. 2:10-cv-01073-CW; 2:11-cv-1045-CW |
| v. | Judge Clark Waddoups |
| UNITED STATES OF AMERICA, | |
|     Defendant, | |
| and | |
| SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*, | |
|     Defendant-Intervenors. | |

Pursuant to the Orders to Set Briefing and Hearing Schedule [*Garfield (1)* ECF No. 342; *Kane (2)* ECF No. 802], the United States has conferred with the parties and attempted to reach an agreement on a proposed "schedule for summary judgment concerning title on the two additional Bellwether Roads, namely K6000 House Valley Rock Road [*sic*] and G9000 Hole-in-the-Rock Road," as well as "when they will be prepared to present oral argument on the issue of title for the seventeen Bellwether Roads." The parties have been unable to reach an agreement and, thus, the United States presents its own schedule here.

Although the Court's Orders require "a schedule for summary judgment concerning *title* on the two additional Bellwether Roads," as well as information about "when [the parties] will be prepared to present oral argument on the issue of *title* for the seventeen Bellwether Roads," *Garfield (1)* ECF No. 342; *Kane (2)* ECF No. 802 (emphasis added), the primary dispute between the parties appears to be whether these Orders should be interpreted to be limited to questions of ownership, or whether scope is also included. But this Court has already resolved this question, stating that "ownership and scope are the two sides of the same coin that comprises title. Thus, when this court refers to title, it encompasses both elements." *Kane (2)* ECF No. 727 at 15-16.

The United States understands Plaintiffs' proposed schedule to be limited to questions of ownership, with no schedule proposed for the overall resolution of these Bellwether claims. The United States objects to this limitation. There is no need for Plaintiffs to further delay this first Bellwether process. Indeed, stopping at ownership, without any schedule for fully resolving title (including scope), would be inconsistent with the principles guiding this Bellwether process. The goal of the Bellwether process is to reach "findings and judgments" that "will then become bases for a global resolution of all of the pending road cases." *Kane (2)* ECF No. 238 at 2. To

achieve that goal, it is important to allow for any appeals to play out.  *See id*. at 7-8.  Which means that the Quiet Title Act claims for the sixteen remaining Bellwether claims[1] need to reach an appealable judgment.  Thus, unless the threshold issue of ownership is resolved against Plaintiffs, the Court will need to resolve scope in addition to ownership.

Notably, "[s]cope, in th[is] context," is <u>not</u> necessarily limited to "defining the length and width of the right-of-way."  *Cf. Kane (2)* ECF No. 727 at 16.  Indeed, as the recent evidentiary hearing for the K6000 claim illustrates, questions of scope can include (for example) just what activities may be done as maintenance (and thus undertaken as of right), and what activities are an improvement (that may only be done if both reasonable and necessary, after consultation with the land manager, who may also need to ensure that alternatives are considered).

Once findings and appealable judgments are issued that fully resolve the Quiet Title Act claims for these Bellwether claims, the losing party will have the option to pursue appellate relief.  The resulting legal principles will then streamline the resolution of any and all similar pending claims.  To the extent that Plaintiffs' proposed schedule unnecessarily delays this process, the United States objects.  Conversely, the United States would have no objection to the proposed summary judgment schedule if it includes all aspects of title (including scope),[2] provided that it is also modified as necessary to include the participation of Intervenor-Defendants on the matter of scope.

---

[1]    One Bellwether claim (K1410) has been dismissed.  *Kane (2)* ECF No. 792 at 67-69, 79.

[2]    Specifically, the United States understands Plaintiffs to propose the following summary judgment "briefing schedule for title to the K6000 House Rock Valley Road and G9000 Hole in the Rock Road[:]
State and County Motions – on or before October 11, 202[4]
United States' Oppositions – on or before January 10, 2025
State and County Replies – on or before January 31, 2025."

Although the United States understands the Tenth Circuit to have ruled that Intervenor-Defendants are entitled to participate as of right, in some as yet undefined manner, on matters of scope, Intervenor-Defendants have requested that the following statement be included in the United States's filing:

> The question of SUWA's participation should be addressed and resolved by the court, including participation rights in the Motion for Summary Judgment on the K6000 and the G9000, prior to final adjudication of the remaining 14 original Bellwether claims (excluding the K1410, which has been dismissed). As the Court's August 13, 2024 Order made clear, now that the Tenth Circuit has denied en banc review of its March 4th, 2024 opinion regarding SUWA's intervention status, SUWA must "have the opportunity to introduce evidence and participate on the issue of scope for all Bellwether roads." ECF 795 at 3 n.2.

> Once the Court determines SUWA's right to participate in the Motion for Summary Judgment on the K6000 and G9000, SUWA requests to file its Opposition on or before January 24, 2025 (or 14 days after the United States' deadline).

> SUWA further reserves all rights with regard to its participation in this case as an intervenor as of right, including but not limited to the right to file a motion for a new trial or to otherwise present evidence and make arguments regarding the scope of the 14 original Bellwether roads and the K6000 and G9000.

Regarding oral argument on the issue of title for the surviving Bellwether Roads, the United States understands Plaintiffs to propose "oral argument regarding title to the seventeen Bellwether Roads as soon as October 28, 2024." The United States objects to scheduling oral argument before summary judgment briefing is completed.[3] Although Plaintiffs have not yet

---

[3]     In any event, due to scheduling conflicts, the United States would not be available for oral argument from October 28, 2024, until November 12, 2024.

proposed this, the United States would also object to any attempt to bifurcate these Bellwether claims further. Plaintiffs sought to belatedly add the additional Bellwether claims now requiring summary judgment briefing, and should not be heard to complain that their actions are now delaying the resolution of the remaining original Bellwether claims.

Respectfully submitted this 6th day of September, 2024,

TODD KIM
Assistant Attorney General

/s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS (7349)
United States Attorney
District of Utah
MELINA SHIRALDI (13110)
Assistant U.S. Attorney
MICHAEL D. SMITH
Special Assistant U.S. Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

*Attorneys for Defendant United States of America*

Of Counsel:
Cameron B. Johnson
Office of the Regional Solicitor
U.S. Department of the Interior