HOLLAND & HART LLP
Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com

Rob Van Dyke (#12704)
Deputy Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
rvandyke@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Kathy A.F. Davis (#4022)
Kaitlin Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Sean D. Reyes (#7969)
UTAH ATTORNEY GENERAL
5110 State Office Building
P.O. Box 142477
Salt Lake City, Utah 84114-2477
kathydavis@agutah.gov
kaitlindavis@agutah.gov
Telephone: (801) 538-9819

*Attorneys for Plaintiff State of Utah*

# IN THE UNITED STATES JUDICIAL DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>    Intervenor-Defendants. | **KANE COUNTY, UTAH'S AND THE STATE OF UTAH'S PROPOSED BRIEFING AND ARGUMENT SCHEDULE**<br><br>**Case No. 2:10-cv-01073 CW**<br><br>(consolidated with 2:11-cv-1031, 2:12-cv-476)<br><br>Judge Clark Waddoups |

Plaintiffs Kane County, Utah ("County"), and the State of Utah ("State"), respectfully provide their Proposed Briefing and Argument Schedule in response to the Court's Order to Set Briefing and Argument Schedule [ECF No. 802] ("Order").

The Court's Order directed the parties to (1) "confer and propose a schedule for summary judgment briefing concerning title on the two additional Bellwether Roads, namely K6000 House Rock Valley Road and G9000 Hole-in-the-Rock Road." Order, at 2. The Order further directed the parties to inform the Court when they will be prepared to present (2) "oral argument on the issue of title for the seventeen Bellwether Roads." *Id*.

The State and County, the Defendant United States, and Defendant-Intervenor Southern Utah Wilderness Alliance, et al. ("SUWA"), have exchanged scheduling proposals, but were not able to reach an agreement. The fundamental disagreement is that the United States would like to defer further action in this matter until title and scope can be addressed at the same time. And, as shown below, SUWA expects to file one or more motions regarding its participation as to scope in this matter, potentially including a motion for a new trial.

The United States' and SUWA's proposals will serve no purpose other than adding unnecessary delays to the prompt and efficient resolution of this matter. As confirmed by the Tenth Circuit:

> In *Kane I* this court ruled that the United States adequately represents SUWA's interest on the issue of title. 597 F.3d at 1135; *accord Kane III*, 928 F.3d at 894 ("SUWA and the United States ha[ve] identical interests in the title determination . . . ."). Acknowledging our holding in *Kane I*, SUWA asserts that we still should allow it to intervene in *Kane (2)* on the issue of title. But *Kane I* binds this panel . . . and we agree with the reasoning of that opinion. We accordingly reject SUWA's arguments asking us to overrule binding precedent, and we affirm the district court's order denying SUWA intervention on the issue of title.
>
> *Kane Cty. v. United States*, 94 F.4th 1017, 1034-35 (10th Cir. 2024)

2

This Court has previously decided the question of title separate from the question of scope and it can do so here. *See Kane County, Utah v. United States*, No. 2:08-cv-0315, 2011 WL 2489819 (D. Utah June 21, 2011) (deciding title to several roads and deferring the question of scope).

Prompt resolution of the question of title will not delay the ultimate resolution of the scope of the rights-of-way and will further allow the parties to focus their efforts on determining the scope of those rights-of-way for which title is confirmed. Accordingly, the State and County propose the following schedule:

1. **Summary Judgment Briefing Schedule.**

The State and County (including Garfield County) will file their motions for partial summary judgment as to title to the K6000 House Rock Valley Road and the G9000 Hole-in-the-Rock Road on or before October 11, 2024.

Subject to its objections to be filed with the Court, the United States has requested up to and including January 10, 2025, to file its responses to the motions, and the State and County do not oppose this deadline.

The State and County (including Garfield County) will file their replies on or before January 31, 2025.

As stated below, SUWA would like to participate in this briefing. However, the State and County object to SUWA's participation because it has not been granted intervention on the issue of title.

### 2. Oral Argument As To Title For The Remaining Bellwether Roads.

The State and County believe that the Court can make its decision as to title for the Bellwether Roads upon the facts and law already before the Court. Nevertheless, the State and County can be prepared to present oral argument to the Court as soon as October 28, 2024.

### 3. SUWA's Position.

On September 3, 2024, the Tenth Circuit Court of Appeals denied the pending petitions for en banc review and the mandate allowing SUWA to appear as a defendant-intervenor as to title is forthcoming. As an accommodation to SUWA, the State and County have agreed to inform the Court of SUWA's position regarding the proposed briefing schedule, which is:

> The question of SUWA's participation should be addressed and resolved by the court, including participation rights in the Motion for Summary Judgment on the K6000 and the G9000, prior to final adjudication of the remaining 14 original Bellwether claims (excluding the K1410, which has been dismissed). As the Court's August 13, 2024 Order made clear, now that the Tenth Circuit has denied en banc review of its March 4th, 2024 opinion regarding SUWA's intervention status, SUWA must "have the opportunity to introduce evidence and participate on the issue of scope for all Bellwether roads." ECF 795 at 3 n.2.

> Once the Court determines SUWA's right to participate in the Motion for Summary Judgment on the K6000 and G9000, SUWA requests to file its Opposition on or before January 24, 2025 (or 14 days after the United States' deadline).

> SUWA further reserves all rights with regard to its participation in this case as an intervenor as of right, including but not limited to the right to file a motion for a new trial or to otherwise present evidence and make arguments regarding the scope of the 14 original Bellwether roads and the K6000 and G9000.

RESPECTFULLY SUBMITTED this 6th day of September 2024.

HOLLAND & HART LLP

<u>/s/ Shawn Welch</u>
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
*Attorneys for Plaintiff Kane County, Utah*

UTAH ATTORNEY GENERAL'S OFFICE

<u>/s/ Kathy Davis*</u>
Kathy A.F. Davis
Kaitlin Tess Davis
Assistant Attorneys General
*Attorneys for Plaintiff State of Utah*

*\* Signed with permission given to filing counsel*

32789819_v1