IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Intervenor-Defendants. | **ORDER SETTING BRIEFING SCHEDULE CONCERNING TITLE ISSUES AND STAYING SCOPE ISSUES**<br><br>Case No. 2:10-cv-1073,<br>*Consolidated with*:<br>Case No. 2:11-cv-1031<br>Case No. 2:12-cv-476<br><br>Case No. 2:11-cv-1045 |
| GARFIELD COUNTY (1) AND (2), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>    Intervenor-Defendants. | Judge Clark Waddoups |

In an Order dated August 22, 2024, the court directed the parties to "confer and propose a schedule for summary judgment briefing concerning title on the two additional Bellwether Roads, namely K6000 House Valley Rock Road and G9000 Hole-in-the-Rock Road." Order, at 2 (ECF No. 802). The parties complied with the court's Order, but they were unable to agree upon how to proceed with this matter due to disagreement whether issues pertaining to title and scope should be bifurcated.

On September 13, 2024, the Tenth Circuit Court of Appeals issued a mandate, whereby it transferred jurisdiction back to this court on issues pertaining to SUWA's intervention. Mandate (ECF No. 814-2). The Tenth Circuit concluded that SUWA has a right to intervene on issues pertaining to scope, but not on issues concerning title. *Kane Cnty., Utah v. United States*, 94 F.4th 1017, 1035 (10th Cir. 2024).

Although the Tenth Circuit stated its ruling was not a per se ruling, *id.* at 1034, when one applies the reasoning in the Tenth Circuit's decision, this court presently sees no application where SUWA may be precluded from intervening as of right in an R.S. 2477 Quiet Title Action on issues pertaining to scope. Accordingly, the court recognizes SUWA as an intervenor as of right in *Kane County (2), (3), and (4)*, and in *Garfield County (1)*, as to the G9000 Hole-in-the-Rock Road, but such intervention is limited only to the issue of scope and not to title. SUWA remains as a limited permissive intervenor on the issue of title.

In the United States' briefing about scheduling, it contends title and scope should be addressed together because "this Court has already resolved this question, stating that 'ownership and scope are the two sides of the same coin that comprises title. Thus, when this court refers to title, it encompasses both elements.'" United States' Proposed Schedule for Completion of the

2

First Bellwether, at 2 (ECF No. 808) (quoting Mem. Dec., at 15–16 (ECF No. 727 in Case No. 2:10-cv-1073)). That is the view stated by this court, but the Tenth Circuit subsequently held in this case that title is different from scope whereby SUWA may intervene on scope and not title.

Based on the unique posture of this case, the court concludes keeping the issues of title and scope separate is possible by bifurcating the proceedings. Based on the evidence presented at the bench trial in February 2020, the evidentiary hearing in August 2024, and the summary judgment briefing that will be done on the K6000 House Rock Valley Road and the G9000 Hole-in-the Rock Road, title may be determined on the remaining 16 Bellwether roads.

Once title is determined, it will inform what roads remain at issue for which evidence needs to be presented on scope. To the extent another bench trial needs to be held to address scope, it may proceed similar to the second bench trial that was held in *Kane County (1)*, Case No. 2:08-cv-315. Because a bench trial already has been held, proceeding to another bench trial at this stage, when it is unknown which Bellwether roads may remain, is an unnecessary expenditure of judicial resources. Bifurcation also will help keep the evidence and arguments presented by SUWA discrete from the title issues.

Accordingly, the court bifurcates the title and scope issues. The following summary judgment briefing schedule shall apply for the K6000 House Rock Valley Road and the G9000 Hole-in-the-Rock Road:

| **Brief** | **Due Date** |
|---|---|
| State, Kane County, and Garfield County's Motions for Summary Judgement as to Title | October 11, 2024 |
| United States' Opposition Memoranda as to Title | January 10, 2025 |
| State, Kane County, and Garfield County's Reply Briefs | January 31, 2025 |

Once briefing is concluded, the court will determine whether oral argument is necessary from Plaintiffs and the United States. Issues pertaining to scope are stayed until the court has issued its decision on title for the 16 remaining Bellwether roads.

SO ORDERED this 16th day of September, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Court