TODD KIM, Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS, United States Attorney (7349)
MELINA SHIRALDI, Assistant United States Attorney (13110)
MICHAEL D. SMITH, Special Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 524-5682

Attorneys for Defendant United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| IN RE: JOINTLY MANAGED R.S. 2477 ROAD CASES LITIGATION[1] | **DEFENDANT UNITED STATES' MOTION FOR AN ORDER TO ENFORCE THE PROTECTIONS OF THE QUIET TITLE ACT, 28 U.S.C. § 2409a(b)**<br><br>Case Nos.   1:12-cv-105<br>       2:10-cv-01073    2:11-cv-1043<br>       2:11-cv-1045    2:12-cv-423<br>       2:12-cv-424     2:12-cv-425<br>       2:12-cv-426     2:12-cv-428<br>       2:12-cv-429     2:12-cv-430<br>       2:12-cv-434     2:12-cv-447<br>       2:12-cv-451     2:12-cv-452<br>       2:12-cv-461     2:12-cv-462<br>       2:12-cv-466     2:12-cv-467<br>       2:12-cv-471     2:12-cv-472<br>              2:12-cv-477<br><br>Judge Clark Waddoups |

---

[1]   This caption is used for simplicity, consistent with Court practice for these cases that have been transferred to Judge Waddoups for case management purposes only, with filings made in the dockets for each of the listed cases.

Recent events in one of these cases, *Kane County (2) v. United States*, No. 10-cv-1073-CW (D. Utah), have made clear that Plaintiffs are failing to abide by the constraints and limitations imposed upon them by the Quiet Title Act, 28 U.S.C. § 2409a(b). This motion is brought to enforce those protections.

The Quiet Title Act provides, in pertinent part, that "[t]he United States shall not be disturbed in possession or control of any real property involved in any action under [the Act]" until sixty days after the conclusion of any appeal following a final district court judgment or decree. *Id.* § 2409a(b). This provision on its face allows the United States to continue enjoying and exercising the rights of ownership over the real property in question so long as the corresponding litigation remains pending, plus sixty days. And it works in concert with the Quiet Title Act's just compensation provision, which allows the United States to retain those same rights of possession and control even in the event of an adverse title determination, subject to the United States' payment of just compensation. *Id.*[2]

Plaintiffs, however, are not abiding by this limitation, as evidenced by the road work Plaintiffs conducted on the House Rock Valley road (K6000) -- one of the road claims that remains at issue in the *Kane (2)* case. Both Kane County and the State of Utah brought an action

---

2   In full, this section of the Quiet Title Act provides:

> The United States shall not be disturbed in possession or control of any real property involved in any action under this section pending a final judgment or decree, the conclusion of any appeal therefrom, and sixty days; and if the final determination shall be adverse to the United States, the United States nevertheless may retain such possession or control of the real property or of any part thereof as it may elect, upon payment to the person determined to be entitled thereto of an amount which upon such election the district court in the same action shall determine to be just compensation for such possession or control.

28 U.S.C. § 2409a(b).

under the Quiet Title Act seeking to quiet title to their asserted right-of-way in this road. *See, e.g.*, *Kane (2)*, ECF No. 21 at 324-31 (County's Amended Complaint; Forty-Seventh Cause of Action); *id.*, ECF No. 57 at 308-14 (State First Amended Complaint in Intervention; Forty-Seventh Cause of Action). This Quiet Title Act action remains pending. Indeed, this very road claim was the subject of the evidentiary hearing held in August 2024. *See, e.g., id.*, ECF Nos. 794, 799. While the hearing focused on road work that Plaintiffs wanted to do on House Rock Valley road (i.e., install a culvert where the road currently crosses Buckskin Wash), the filings in that case and correspondence between the parties made the United States' position clear that the current federal management plan precluded Plaintiffs from performing the work unilaterally. *See, e.g.*, *id.*, ECF No. 784 at 2; letters dated August 27, September 16, and September 20, 2024 (attached hereto at Group Exhibit 1). Despite the United States' clearly articulated position, Kane County nonetheless unilaterally performed this road work, *see id.*, ECF No. 817, in violation of the Quiet Title Act, 28 U.S.C. §§ 2409a(b). By refusing to heed the United States' instructions prohibiting unilateral action, Plaintiffs have disturbed the United States' possession or control of this property.

This does not appear to be an isolated incident. For example, at the evidentiary hearing held on August 21, 2024, Plaintiffs put on testimony establishing that they had unilaterally installed a culvert on the Cottonwood Road while that Quiet Title Act claim was pending. *Compare Kane (2)*, ECF No. 811 at 147-49 (hearing transcript discussing a culvert being installed unilaterally on the Cottonwood Road in 2012), *with id.*, ECF No. 2 at 299-309 (Quiet Title Act claim for the Cottonwood Road filed in 2010).[3]

---

[3] While other unilateral culvert installations were also discussed, *see id.*, ECF No. 811 at 149-52, it is currently unclear when such work occurred, and thus unclear whether such unilateral work occurred while associated Quiet Title Act claims were pending.

While Plaintiffs have associated Quiet Title Act claims pending, they may not ignore the protections afforded to the United States by the Quiet Title Act, including Section 2409a(b). To be sure, Plaintiffs claim "rights as a dominant estate." *See, e.g., Kane (2)*, ECF No. 794 at 2. But the assertion of a dominant estate (including its scope) is the very subject of these Quiet Title Act cases. Unless and until they are adjudicated to "a final judgment or decree," and at least to the point that the United States has an opportunity to "appeal" (and through any such appeal), the protections of 28 U.S.C. § 2409a(b) prohibit Plaintiffs from disturbing the United States' possession or control.

The United States thus seeks an order prohibiting Plaintiffs from further violations of the constraints and limitations imposed upon them by the Quiet Title Act, 28 U.S.C. § 2409a(b). For as long as these cases remain pending, the protections of 28 U.S.C. § 2409a(b) must be recognized, and Plaintiffs must act accordingly.

Respectfully submitted this 6th day of December, 2024,

TODD KIM
Assistant Attorney General

 */s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

TRINA A. HIGGINS (7349)
United States Attorney
District of Utah
MELINA SHIRALDI (13110)
Assistant U.S. Attorney
MICHAEL D. SMITH
Special Assistant U.S. Attorney

        111 South Main Street, Suite 1800
        Salt Lake City, UT 84111
        (801) 524-5682

*Attorneys for Defendant United States of America*

Of Counsel:
Cameron B. Johnson
Elizabeth A. Schulte
Office of the Regional Solicitor
U.S. Department of the Interior