HOLLAND & HART LLP
Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
Stephen K. Kaiser (#18146)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov
skkaiser@agutah.gov

*Attorneys for Plaintiff State of Utah*

# IN THE UNITED STATES JUDICIAL DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, ET AL.,<br><br>Defendant-Intervenors, | **KANE COUNTY, UTAH'S, GARFIELD COUNTY, UTAH'S, AND THE STATE OF UTAH'S COMBINED REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Case No. 2:10-cv-01073**<br><br>(consolidated with 2:11-cv-1031, 2:12-cv-476)<br><br>**Case No. 2:11-cv-01045**<br><br>Judge: Hon. Clark Waddoups |

Plaintiffs Kane County, Utah ("Kane County"), Garfield County, Utah ("Garfield County"), and the State of Utah ("State") (collectively, "Plaintiffs") respectfully file this Combined Reply in Support of Motions for Partial Summary Judgment.[1]

## INTRODUCTION

Plaintiffs' motions for partial summary judgment request the Court to issue its decision confirming title, not scope, for two roads – the G9000 Hole in the Rock Road in Garfield County,[2] and the K6000 House Rock Valley Road in Kane County. It is undisputed that each of these roads, in whole or part, pre-date Utah's statehood in 1896. The 1879 creation of the Hole in the Rock Road is widely documented and the northern section of the House Rock Valley Road appears on the United States' 1877 Cadastral Survey plat. The public's use and Plaintiffs' expansion of these roads over the last 150 years is factually undisputed.

The United States' Combined Opposition to Plaintiffs' Motions for Summary Judgment (ECF 362 and 840) ("Opp.") would have the Court believe these roads mysteriously exist on the ground and have no known history. Remarkably, the United States appears to have forgotten that roughly forty years ago it conducted an administrative determination for the Hole in the Rock Road and found it to be an R.S. 2477 road. *See Sierra Club, et al.*, 104 IBLA 17 (1988).[3]

---

[1] The State and Garfield County motion was filed as ECF 352 in Case No. 2:11-cv-01045 (G9000 Hole-in-the-Rock Road) ("Garfield MSJ ECF 352"). The State and Kane County motion was filed as ECF 818 in Case No. 2:10-cv-01073 (K6000 House Rock Valley Road) ("Kane MSJ ECF 818").

[2] Evidence establishing title to the Kane County portion of the Hole in the Rock Road (K9000) was presented at the Bellwether Trial held in February 2020 and its scope is still at issue in this case.

[3] Plaintiffs recognize that Interior Board of Land Appeals decisions are not binding on this Court. However, this decision reflects the United States' position in 1970, and again in 1988.

**LEGAL STANDARD**

As the Court reviews Plaintiffs' motions, the supporting evidence, and the United States' opposition, there is a key point to note: the United States failed to come forward with *any* evidence to create a disputed issue of fact that would preclude summary judgment. "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citations omitted).

Thus, under the governing legal standard, it is insufficient for the United States to speculate or provide conjectures about the construction and highway use of these roads.

**REPLY**

The United States is unable to find any document, deposition testimony, or affidavit to create an issue of material fact. The G9000 Hole in the Rock Road and the K6000 House Rock Valley Road are two of Utah's more venerated roads that have been constructed, maintained and repaired by Plaintiffs since at least the 1950s. "The United States does not dispute that K6000 and G9000 have been designated, documented, and operated by Plaintiffs as Class B roads prior to October 21, 1976, but it does dispute that these facts alone are sufficient to quiet title." Opp. at 3. Merely stating that there is a dispute is insufficient under the applicable law.

The United States has used and benefited from Plaintiffs' construction and maintenance of these roads, as has the general public, yet both of these roads have long needed improvements that have been blocked by the United States. The United States' litigation strategy of denying Plaintiffs' title is an abuse of the property rights granted by Congress. There must be some point in time when the United States takes a fresh look at its deny-everything litigation strategy.

    **A.    Plaintiffs' Motions Are Supported By Admissible, Undisputed, and Overwhelming Evidence.**

Plaintiffs' motions are meticulously supported by Federal documents showing the historical existence of these roads dating back to the 1800s. *See* Garfield MSJ ECF 352, at 9-12; Kane MSJ ECF 818, at 10-11. Plaintiffs' motions are further supported by State and county documents confirming that Plaintiffs have constructed, repaired and maintained the roads as "General Highways" to serve common passenger vehicle travel since as early as 1937. *See* Garfield MSJ ECF 352, at 12-14; Kane MSJ ECF 818, at 12-13.

And finally, Plaintiffs submitted deposition testimony of members of the public with personal use and knowledge of public travel on these roads. This evidence includes personal use and knowledge of public travel on the G9000 Hole in the Rock Road from the 1940s through the 1970s. *See* Garfield MSJ ECF 352, at 16-17 (Alvey, LeFevre, and Spencer). This evidence also includes personal use and knowledge of public travel on the K6000 House Rock Valley Road from the early 1950s through the 1970s. Kane MSJ ECF 818, at 16 (Johnson, Chamberlain, and Hughes).

The foregoing evidence overwhelmingly carries Plaintiffs' burden of proof.

    **B.    The United States Lost Its Construction Arguments Twenty Years Ago.**

Under the old adage that "when you can't argue the facts, argue the law", the United States devotes ten pages of confusing and inconsistent arguments against long-settled law. *See generally* Opp. 5-10. It does not take much to show that the overwrought, legalistic arguments lack merit.

For example, the United States contends that Plaintiffs have failed to prove the "'construction' element for these road claims." Opp. at 5. The fact that these two roads were

constructed is not disputed. Rather, the United States poses questions about who constructed the roads.[4] Unless the United States verifies the existence of extraterrestrial life that had a presence in southern Utah, there are only three possibilities: 1) federal construction; 2) State and county construction; or 3) public construction. If the United States wants to contend there was "federal construction", it has failed its burden of coming forward with evidence — not "conjecture" or "speculation" — of federal construction. *Self*, 439 F.3d at 1230. "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Id*.

That leaves construction by the State and counties, or by the public. As admitted by the United States, "relevant case law establishes that this first statutory element of 'construction' may be established in one of two ways. *In all cases*, 'construction' may occur through mechanical means by, at the direction of, or on the behalf of the State or the County." Opp. at 5 (emphasis added).[5] "Further, at least in the Tenth Circuit, 'construction by use' may be sufficient to establish an R.S. 2477 right-of-way over more primitive roads (sometimes called 'two track' roads)." *Id*.

---

[4] These questions posed by the United States are disingenuous, particularly as they pertain to the Hole in the Rock Road. The National Park Service's own website describes Hole in the Rock Road as "an historic pioneer trail turned path to adventure[,]" detailing the 1879 pioneer trek, including construction and/or improvement of the route, from south of Escalante to the Colorado River and across. *See* https://www.nps.gov/glca/learn/historyculture/holeintherock.htm ("It was through this notch that the party intended to make its way. Throughout the winter, they worked on the crack, enlarging the opening. Work was slow and tedious with only pick axes, shovels, and limited quantities of blasting powder available. … [O]n January 26, 1880, the expedition made its way slowly down the precarious road.").

[5] Plaintiffs note that "[w]hile 'mechanical construction' would be sufficient, the Tenth Circuit ruled that it was not necessary." Opp. at 6. The United States' assertion that mechanical construction must be "by, at the direction of, or on behalf of the State or the County" is legally unsupported.

As confirmed by the Tenth Circuit in 2005, there is no practical difference between the two methods. The construction element is established simply by "the construction necessary to enable the general public to use the route for its intended purposes." *S. Utah Wilderness All. v. BLM*, 425 F.3d 735, 781 (10th Cir. 2005) ("*SUWA v. BLM*").

> For this reason, we are skeptical that there is much difference, in practice, between a 'construction' standard (if applied in light of contemporary conditions) and the traditional legal standard of continuous public use. If a particular route sustained substantial use by the general public over the necessary period of time, one of two things must be true: either no mechanical construction was necessary, or any necessary construction must have taken place. It is hard to imagine how a road sufficient to meet the user standard could fail to satisfy a realistic standard of construction.

*Id*.

The United States admits "that K6000 and G9000 have been designated, documented, and operated by Plaintiffs as Class B roads prior to October 21, 1976." Opp. at 3. Plaintiffs bladed and maintained these roads as Class B roads prior to October 21, 1976, which confirms they were constructed by Plaintiffs using mechanical means. The BLM previously acknowledged that "[r]oad maintenance over several years may equal construction." Garfield MSJ ECF 352, at 7; Kane MSJ ECF 818, at 7.

And even if "construction" by public use were required, that element was conceded by the United States' admission that the roads existed and were operated *as roads* prior to October 21, 1976. Opp. at 3. Construction by public use is further confirmed by fact witness testimony from members of the public with personal use and knowledge. *See* Garfield MSJ ECF 352, at 16-17 (Alvey, LeFevre, and Spencer); Kane MSJ ECF 818, at 16 (Johnson, Chamberlain, and Hughes). "The necessary extent of 'construction' would be the construction necessary to enable the general public to use the route for its intended purposes." *SUWA v. BLM*, 425 F.3d at 781.

### C.   There Is No Dispute That These Roads Are Public Highways.

The United States' final argument is that Plaintiffs failed to produce "evidence to prove the "highway" element for these claims." Opp. at 11. Once again, the United States' legalistic gymnastics are belied by its admission "that K6000 and G9000 have been designated, documented, and operated by Plaintiffs as Class B roads prior to October 21, 1976." Opp. at 3. These two Class B roads are "General Highways" that Plaintiffs have constructed, repaired and maintained as "General Highways" to serve common passenger vehicle travel since as early as 1937. *See* Garfield MSJ ECF 352, at 12-14; Kane MSJ ECF 818, at 12-13.

As the BLM previously recognized, "pre-FLPMA roads, that evidence construction and open use by the public and not acknowledged by the Bureau, are authorized under R.S. 2477. . . . When public funds have been spent on the road it shall be considered a public road." Garfield MSJ ECF 352, at 7; Kane MSJ ECF 818, at 7.

Furthermore, the United States squarely miscites Tenth Circuit law regarding identifiable destinations and whether a road must connect, at its end, to another road. "First, Plaintiffs must show that a claimed road leads to an identifiable destination of general public interest or significance." Opp. at 11, citing *SUWA v. BLM*, 425 F.3d at 783. The cited case actually states: "It is far from clear that this [identifiable destination] factor has much practical significance." *Id*. "We therefore hold that, on remand, the district court should consider evidence regarding identifiable destinations as part of its overall determination of whether a contested route satisfies the requirements under state law for recognition as a valid R.S. 2477 claim." *Id*. at 783-84.

The United States also mischaracterizes the law regarding whether a road must connect to another road. "Similarly, for the Hole in the Rock Road, this road is functionally a dead-end road, rather than a road that is 'open at both ends' or 'a main road.'" Opp. at 14, citing *San Juan*

7

*County v. United States*, 754 F.3d 787, 799 n.13. The United States previously conceded that "a highway can allow public access to a scenic area, a trail head, a business, or other place used by and open to the public." *SUWA v. BLM*, 425 F.3d at 783.

As the United States previously conceded, the law does not require a showing that a claimed highway join two connecting highways. However, the United States agrees that the House Rock Valley Road connects to roads in Utah and Arizona, though it appears to have forgotten that the Hole in the Rock Road in Garfield County connects to about a dozen other roads, including the Kane County portion of the road. *See* Garfield MSJ ECF 352-1, Ex. 1, at 4 (Map).

The undisputed evidence shows that the K6000 House Rock Valley Road and the G9000 Hole in the Rock Road were used as public highways for at least 25 years prior to October 21, 1976. "Under traditional interpretations, therefore, the term 'highway' is congruent with and does not restrict the 'continuous public use' standard: any route that satisfies the user requirement is, by definition, a 'highway.'" *SUWA v. BLM*, 425 F.3d at 782; *see also id*. ("Highway Definition").

## CONCLUSION

Wherefore, Plaintiffs respectfully request the Court to grant the motions and confirm Plaintiffs' title to the G9000 Hole in the Rock Road in Garfield County, and the K6000 House Rock Valley Road in Kane County.

SUBMITTED this 19th day of May, 2025.

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ K. Tess Davis\**
Kathy A.F. Davis
K. Tess Davis
Stephen K. Kaiser

Assistant Attorneys General
*Attorneys for Plaintiff State of Utah*


HOLLAND & HART LLP

*/s/ Shawn Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
B. Ryder Seamons
*Attorneys for Plaintiff Kane County, Utah*

*\* Signed with permission given to filing counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2025, I electronically transmitted the foregoing **KANE COUNTY, UTAH'S, GARFIELD COUNTY, UTAH'S, AND THE STATE OF UTAH'S COMBINED REPLY IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT** with the clerk of the court using the cm/ecf system, which will provide notice of same to counsel of record.

*/s/ K. Tess Davis*