IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>　　　Plaintiffs,<br>v.<br><br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, et al.,<br><br>　　　Intervenor-Defendants. | **ORDER DENYING MOTION FOR "SCOPE" DISCOVERY**<br><br>Case No. 2:10-cv-1073,<br>　　*Consolidated with*:<br>　　Case No. 2:11-cv-1031<br>　　Case No. 2:12-cv-476<br><br>Judge Clark Waddoups |

　　　This matter is before the court on a Motion for Leave to Obtain Discovery from SUWA filed by Plaintiffs Kane County, Utah and the State of Utah. On September 16, 2024, the court stayed "[i]ssues pertaining to scope . . . until the court has issued its decision on title for the 16 remaining Bellwether roads." Order, at 4 (ECF No. 815). The court contemplated that an additional bench trial may be needed on scope, similar to what was done in *Kane County, Utah (1) v. United States*, 2:08-cv-315. Limited discovery took place before the second bench trial in *Kane County (1)*, and the court contemplates that limited discovery likely will be needed in this case to ensure the record is complete for the original parties and intervenor-defendants.

Nevertheless, the court's title determination still must be completed to "inform what roads remain at issue." Order, at 2. Although the court supplemented its August 9, 2024, memorandum decision, to clarify its holding that "Plaintiffs hold vested title" to eight Bellwether roads, Mem. Dec., at 13 (ECF No. 816), that was not the court's final title determination for those roads or the other Bellwether roads that remain. Vested title is not the same as perfected title. This point was reiterated in the court's recent ruling on Plaintiffs' summary judgment motions, wherein the court stated its ruling on the K6000 House Rock Valley Road, K9000 Hole-in-the-Rock Road, and the G9000 Hole-in-the-Rock Road was "not meant to be indicative of how the court will rule [on] the other Bellwether roads." Mem. Dec., at 4 n. 2 (ECF No. 852).

Once the court makes its final title determination on the remaining roads, it will set a hearing to discuss any discovery or other matters that remain. Until such time, the court concludes that Plaintiffs' motion is premature. Accordingly, Plaintiffs' Motion for Leave to Obtain Discovery from SUWA is denied without prejudice (ECF No. 839).

SO ORDERED this 19th day of August, 2025.

BY THE COURT:

_____
Clark Waddoups
United States District Judge