Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Jason L. DeForest (#14628)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
jdeforest@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

# IN THE UNITED STATES JUDICIAL DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant, <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, ET AL., <br><br> Defendant-Intervenors, | **RENEWED MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM SUWA** <br><br> **Case No. 2:10-cv-01073** <br><br> (consolidated with 2:11-cv-1031, 2:12-cv-476) <br><br> Judge: Hon. Clark Waddoups |

Plaintiffs Kane County, Utah, and the State of Utah (collectively, "Plaintiffs") respectfully file this Renewed Motion for Leave to Obtain Discovery from Defendant-Intervenor Southern Utah Wilderness Alliance, et al. (collectively "SUWA").

**RELIEF REQUESTED**

Plaintiffs again respectfully request the Court to allow them to obtain discovery from SUWA. Two years ago, on September 16, 2024, the Court stayed further action regarding scope. *See* Order Setting Briefing Schedule Concerning Title Issues and Staying Scope Issues (ECF 815). One year ago, on August 19, 2025, the Court denied Plaintiffs' prior motion seeking leave to obtain discovery from SUWA. *See* Order Denying Motion For "Scope" Discovery, ECF 855 ("Order"). The Court denied the motion because until such time as "the court makes its final title determination on the remaining roads," the motion was "premature." Order at 2.

The lack of resolution of scope in this Bellwether proceeding is causing prejudice to Plaintiffs and causing a waste of judicial resources. While awaiting this Court's scope decision, the parties are actively litigating several other lawsuits where SUWA's unchecked arguments about its interests and scope remain contested. As shown below and in the prior motion, the parties and the courts will continue to expend their time and resources without guidance until resolution of these issues. It is time to allow Plaintiffs to proceed with discovery to secure the most just and speedy resolution of this lawsuit.

The undersigned requested the position of the United States and SUWA regarding this motion. The United States will reserve its position until it has reviewed this motion. SUWA intends to oppose this motion.

## BACKGROUND

As noted above, the Court stayed the parties' discovery of "[i]ssues pertaining to scope" on September 16, 2024 (Order at 1), denied Plaintiffs motion to obtain discovery on August 19, 2025 (*id*. at 2), and Plaintiffs acknowledge that the Court has not made any further title decisions.[1] Nevertheless, the long passage of time and other road litigation over the last year show that the Court should allow Plaintiffs to proceed with discovery to facilitate the prompt and speedy resolution of the Bellwether trial.

On May 6, 2025, Plaintiffs filed that lawsuit styled as *Kane County, Utah (5) v. United States*, No. 4:25-cv-0059 DN PK (D. Utah), to quiet title to the right-of-way for the K1000 Sand Dunes Road. On December 22, 2025, SUWA moved to intervene in that lawsuit to seek dismissal and to litigate the scope of the road. *See id*. at ECF 30. The district court proceedings concluded with the United States' filing of a partial disclaimer of interest[2], which was confirmed by the court. *See id.* ECF 72. SUWA has now taken an appeal and, as it must, it will raise arguments in the Tenth Circuit Court of Appeals about its interest in the scope of the road. Thus, the parties will continue to litigate SUWA's claims regarding scope.

On July 15, 2025, Plaintiffs filed that lawsuit styled as *Kane County, Utah (6) v. United States*, No. 4:25-cv-0090 DN PK (D. Utah), to quiet title to the rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road. On January 26,

---

[1] A copy of Kane County, Utah's and the State of Utah's Motion for Leave to Obtain Discovery from SUWA (ECF 839) is attached as Exhibit A. Rather than restating the full background and arguments presented in the prior motion, Plaintiffs refer the Court to the background and arguments previously made, in addition to those made herein.

[2] 28 U.S.C. § 2409a(e).

2026, SUWA moved to intervene to challenge subject matter jurisdiction and to litigate the scope of the K1100 Hancock Road. *See id*. at ECF 22. SUWA's motion to intervene has not been resolved and the parties are awaiting the court's decision regarding partial disclaimers filed for two of the roads. Nevertheless, there will be further legal action involving SUWA's claims regarding the scope of the K1100 Hancock Road.

On February 5, 2026, SUWA filed that lawsuit styled *Southern Utah Wilderness Alliance v. Garfield County, Utah*, No. 2:26-cv-0096 AMA-PK (D. Utah), against Garfield County, Utah, the State, and the Bureau of Land Management ("BLM") to stop a chip seal project on the Hole-in-the-Rock Road. SUWA demanded that Garfield County and the State must "cease-and-desist" their activities because [this Court] "deferred a decision as to scope of the ROW, and therefore the improvements were unauthorized and unlawful." *See id.*, ECF 1, ¶ 24.

In this lawsuit, in *Kane County (1), Utah v. United States*, No. 2:08-cv-315 CW (D. Utah), and in the three new lawsuits, the parties and the courts are actively litigating SUWA's claims regarding its interests and scope. It is time to resolve these issues.

As the Court is aware, the fifteen roads in the Bellwether trial were chosen because they represent a range of roads and legal issues presented by the statewide R.S. 2477 lawsuits. Given stated goal of the Bellwether trial, the Court's specific title decision on the seven remaining roads is not necessary to discover and establish SUWA's actual interest and claims regarding scope.

The Bellwether trial was ordered for the express purpose of resolving the issues in an expeditious and efficient manner. Nevertheless, the above-referenced lawsuits, and single-road motions that have come before this court (K6000 House Rock Valley Road and G9000 Hole-in-

4

the-Rock Road), show that ongoing circumstances can overtake these proceedings. The Court has already recognized "that limited discovery likely will be needed in this case to ensure the record is complete for the original parties and intervenor-defendants." Order at 1. SUWA is now an intervenor as of right and the parties should be allowed to complete discovery and this Bellwether trial as the lead lawsuit it was intended to be.

WHEREFORE, Plaintiffs respectfully request the Court to grant their renewed motion to obtain discovery from SUWA.

RESPECTFULLY SUBMITTED this 14th day of August, 2026.

HOLLAND & HART LLP

/s/ Shawn Welch
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
B. Ryder Seamons
Attorneys for Plaintiff Kane County, Utah

UTAH ATTORNEY GENERAL'S OFFICE

/s/ Tess Davis*
Jason L. Deforest
Kaitlin Tess Davis
Assistant Attorneys General
Attorneys for Plaintiff State of Utah

* Signed with permission given to filing counsel

38859700_v1

5

**Exhibit A** - Kane County, Utah's And The State Of Utah's Motion For Leave To Obtain Discovery From SUWA (ECF 839).