# EXHIBIT A

HOLLAND & HART LLP
Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

*Attorneys for Plaintiff Kane County, Utah*

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
Stephen K. Kaiser (#18146)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov
skkaiser@agutah.gov

*Attorneys for Plaintiff State of Utah*

## IN THE UNITED STATES JUDICIAL DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, ET AL.,<br><br>    Defendant-Intervenors, | **KANE COUNTY, UTAH'S AND THE STATE OF UTAH'S MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM SUWA**<br><br>**Case No. 2:10-cv-01073**<br><br>(consolidated with 2:11-cv-1031, 2:12-cv-476)<br><br>Judge: Hon. Clark Waddoups |

Plaintiffs Kane County, Utah, and the State of Utah (collectively, "Plaintiffs")

respectfully move the Court for leave to obtain discovery from Defendant-Intervenor Southern

Utah Wilderness Alliance, et al. (collectively "SUWA").

**RELIEF REQUESTED**

Plaintiffs request the Court to allow discovery from SUWA. Focused discovery from SUWA is necessary now that SUWA has been granted intervention as of right in this matter as to the issue of scope. SUWA has made numerous filings and representations to this Court and the Tenth Circuit Court of Appeals in support of its standing to litigate as a party, its possession of relevant evidence that is not available to either Plaintiffs or the United States, and its intent to pursue the narrowest scope possible for Plaintiffs' roads. SUWA's assertions have not been the subject of discovery, which serves the critical investigative function of developing the facts and notifying the Court and parties of the bases for SUWA's assertions. Accordingly, Plaintiffs request the Court to allow discovery from SUWA.

Plaintiffs shared a proposed draft of this motion with counsel for SUWA and the United States to see if it could be filed as an unopposed motion. Counsel for the United States responded first and stated that the United States was not likely to oppose, but would like to see the proposed discovery requests for clarification and to more definitively determine the United States' position. Counsel for SUWA then responded that SUWA was considering the motion and seeing the proposed discovery requests would help it decide its position. Plaintiffs believe the applicable rules do not require pre-negotiated discovery and therefore file this as an opposed motion.

**BACKGROUND**

This consolidated bellwether case concerns Plaintiffs' actions to quiet title to various R.S. 2477 rights-of-way in the State of Utah. The Tenth Circuit has issued a ruling stating that SUWA has a right to intervene on the issue of scope under the Quiet Title Act. *See Kane Cty. v. United States*, 94 F.4th 1017 (10th Cir. 2024). The Tenth Circuit subsequently denied Kane County's, the State's, and the United States' petitions for rehearing on banc. *Kane Cty. v. United States,*

2

113 F.4th 1290 (10th Cir. 2024). Thus, SUWA is now a party in this lawsuit as it pertains to the scope of the R.S. 2477 rights-of-way.

At this time, "[i]ssues pertaining to scope are stayed until the court has issued its decision on title" for the Bellwether roads. *See* Order Setting Briefing Schedule Concerning Title Issues and Staying Scope Issues, Dkt. 815, at 4. While SUWA has made numerous factual assertions regarding its interests and its intent to pursue "the narrowest scope" of the rights-of-way, the bases for its assertions, interests and intent have not been produced. *See, e.g.,* Proposed Briefing and Argument Schedule, ECF No. 809, at 5 (SUWA requested the "opportunity to introduce evidence" and "further reserves all rights with regard to its participation in this case as an intervenor as of right, including but not limited to the right . . . to present evidence and make arguments regarding the scope" of the R.S. 2477 rights-of-way."). Moreover, SUWA has made numerous factual arguments and contended that it has information in its control that neither the Plaintiffs, nor the United States, has concerning the historical use of the roads at issue.

Plaintiffs, on the other hand, have already produced their evidence and position regarding the scope of the rights-of-way. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law, Dkt. 659 at 359–363. Accordingly, to facilitate the just and efficient resolution of this case, the Court should allow the parties to undertake limited discovery into the factual and evidentiary basis of SUWA's arguments regarding scope of the rights-of-way. The parties' work to complete discovery will not interfere with the Court's resolution of title to the remaining Bellwether Roads and will facilitate the speedy resolution of this case.

## ARGUMENT

### A. The Court Should Allow Limited Discovery Pertaining to SUWA's Evidence Concerning Facts and the Scope of the Rights-of-Way.

The Court should allow the parties to undertake limited discovery into the assertions, witnesses, documents, and other evidence SUWA possesses that bear on its factual statements and the scope of the rights-of-way at issue in this case.[1] Over the years, SUWA has filed numerous motions to intervene as of right and has made numerous assertions regarding its interests in this quiet title suit, information that it alone possesses, and its intent to pursue the narrowest width possible for the roads. However, SUWA's assertions have never been the subject of discovery.

"The district court has broad discretion over the control of discovery[.]" *Cummings v. GMC*, 365 F.3d 944 (10th Cir. 2004). The Federal Rules of Civil Procedure "lean toward a system of over disclosure, versus a system of unknown surprises that undermine the fair and just resolution of disputes." *Bistline v. Snow Christensen & Martineau, P.C.*, 2020 U.S. Dist. LEXIS 12575, *4 (D. Utah 2020). Indeed, Fed. R. Civ. P. 26 is "designed to facilitate the exchange of basic information" to meet the federal goal of "'secur[ing] the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (citing Fed. R. Civ. P. 1).

The Federal Rules of Civil Procedure define the extent of permissible discovery and do not contemplate negotiated discovery requests. Accordingly, Plaintiffs file this motion without the United States' or SUWA's agreement.

---

[1] Plaintiffs are willing to consider relevant and non-duplicative discovery by SUWA. However, Plaintiffs have already produced and set forth their factual and legal bases regarding scope. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law, Dkt. 659 at 359–363.

Allowing the parties to undertake limited discovery regarding scope will lead to a more efficient resolution of this case and will not interfere with the Court's title decisions. The Court has already bifurcated the question of title from scope. *See* Order Setting Briefing Schedule Concerning Title Issues and Staying Scope Issues, Dkt. 815. The requested discovery can occur without interfering with the Court's resolution of the question of title.

Plaintiffs believe they can complete the requested discovery within four to six months.

## CONCLUSION

Wherefore, Plaintiffs respectfully request the Court leave to conduct discovery as requested herein.

RESPECTFULLY SUBMITTED 11th day of April, 2025.

HOLLAND & HART LLP

*/s/ Shawn Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
B. Ryder Seamons
*Attorneys for Plaintiff Kane County, Utah*

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ Kathy Davis\**
Kathy A.F. Davis
Kaitlin Tess Davis
Assistant Attorneys General
*Attorneys for Plaintiff State of Utah*

*\* Signed with permission given to filing counsel*

34529755_v1