**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
Alan C. Bradshaw, #4801
Mitch M. Longson, #15661
Trevor J. Lee, #16703
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
abradshaw@mc2b.com
mlongson@mc2b.com
tlee@mc2b.com

**COOLEY LLP**
Tijana Brien (*Pro Hac Vice*)
3175 Hanover Street
Palo Alto, CA 94304-2155
Telephone: (650) 843-5000
tbrien@cooley.com

**SOUTHERN UTAH WILDERNESS ALLIANCE**
Stephen H.M. Bloch, #7813
Hanna C. Larsen, #18458
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Intervenor-Defendants Southern Utah Wilderness Alliance et al.*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

KANE COUNTY, UTAH (2), (3), and (4), a Utah political subdivision; and STATE OF UTAH,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant,

SOUTHERN UTAH WILDERNESS ALLIANCE, *et al*.

Intervenor-Defendants.

**SOUTHERN UTAH WILDERNESS ALLIANCE ET AL.'S RESPONSE TO KANE COUNTY, UTAH AND THE STATE OF UTAH'S RENEWED MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM SUWA**

Case No. 2:10-cv-1073

(consolidated with 2:11-cv-1031, 2:12-cv-476)

Honorable Clark Waddoups

Intervenor-Defendants Southern Utah Wilderness Alliance et al. (collectively "SUWA"), through their undersigned counsel, submit the following Response to Plaintiffs' Renewed Motion for Leave to Obtain Discovery from SUWA (the "Motion").

## DISCUSSION

For the second time in the past 18 months, Plaintiffs Kane County, Utah and the State of Utah seek leave of court to obtain unspecified discovery from SUWA while this Court's decision on the remaining Bellwether roads remains pending. Plaintiffs do not describe the discovery they believe they need, or attempt to explain why they are "renewing" their request for discovery, given that the Court has already explained that "the court's title determination … must be completed" before any discovery should proceed.[1] For the same reasons the Court denied Plaintiffs' first motion to obtain discovery from SUWA,[2] the Court should deny Plaintiffs' "renewed" motion. Events that have occurred since the last time Plaintiffs' motion was denied do not warrant a different result.

### I. Plaintiffs' "renewed" motion is unfounded and premature, just as its first motion for discovery from SUWA was unfounded and premature.

SUWA incorporates by reference the same arguments it raised in responding to Plaintiffs' first motion for discovery from SUWA, including that Plaintiffs' request for post-trial discovery that Plaintiffs already had opportunity to conduct *and did conduct*, is duplicative, unnecessary, and procedurally without basis.[3] SUWA further renews and incorporates by reference its argument—

---

[1] ECF No. 855 at 2.
[2] *See generally id.*
[3] ECF No. 843 at 1. SUWA maintains, and does not waive, its objections raised previously that Plaintiffs had the opportunity to, and did undertake discovery, from SUWA prior to the Bellwether trial. *Id.* at 2–4, n.1 (summarizing pre-trial discovery involving SUWA). Further discovery *after* trial—into subjects Plaintiffs still refuse to identify—is not supported by the Federal Rules of Civil Procedure.

with which this Court agreed—that Plaintiffs' request is premature.[4] In denying Plaintiffs' similar motion last year, the Court held that its "title determination still must be completed" in order to "inform what roads remain at issue" before it would be appropriate to engage in any remaining discovery.[5] Plaintiffs do not attempt to identify any change in circumstance since last year that warrants the Court revisiting this ruling. Thus, Plaintiffs' renewed motion should be denied for the same reasons their request was denied the first time.

## II. Events in other proceedings have no bearing on Plaintiffs' purported need for discovery in the Bellwether case.

Plaintiffs appear to believe that SUWA's involvement in three other R.S. 2477-related matters in the past year somehow ripens their request for Bellwether discovery. It does not. Plaintiffs refer to two lawsuits they filed, one regarding the K1000 Sand Dunes Road (captioned *Kane County, Utah (5) v. United States*, No. 4:25-cv-0059-DN-PK) and one regarding the K1100 Hancock Road and K1070 and 1075 Cave Lakes Roads (captioned *Kane County, Utah (6) v. United States*, No. 4:25-cv-0090-DN-PK). SUWA moved to intervene in both matters and filed a proposed motion to dismiss for lack of subject-matter jurisdiction after the United States filed partial disclaimers of interest in the subject roads in both matters; the Court confirmed the disclaimers and then dismissed the actions at Plaintiffs' request and found SUWA's motions to intervene (and therefore its proposed motion to dismiss) moot. SUWA has appealed both actions.

Plaintiffs also make reference to a lawsuit filed by SUWA challenging the United States Bureau of Land Management's arbitrary and capricious approval of Garfield County's chip-seal project on the Garfield County section of the Hole-in-the-Rock Road (captioned *Southern Utah*

---

[4] *Id.* at 1, 4–5; ECF No. 855 at 2 ("Once the court makes its final title determination on the remaining roads, it will set a hearing to discuss any discovery or other matters that remain. Until such time, the court concludes that Plaintiffs' motion is premature.").

[5] ECF No. 855 at 1 (quoting ECF No. 815).

*Wilderness Alliance v. Garfield County, Utah*, No. 2:25-cv-0096-AMA-PK). Contrary to Plaintiffs' framing, this case does not pertain to SUWA's interests in the scope of the Hole-in-the-Rock Road, nor does SUWA allege any causes of action against Plaintiffs.[6]

Of what import these three matters have on Plaintiffs' desire for discovery in the Bellwether case, Plaintiffs do not explain. The Bellwether roads remain unadjudicated and Plaintiffs' request for discovery remains premature. Their motion should be denied again.

## III. To the extent the Court permits further discovery, all parties, including SUWA, should be permitted to engage in discovery when the scope portion of the Bellwether case proceeds.

Finally, in the event Plaintiffs' renewed motion is granted and scope discovery proceeds, SUWA restates its position that any such discovery should not be limited to discovery propounded to SUWA or "SUWA's evidence." While SUWA objects to the notion that Plaintiffs should be granted an additional opportunity to supplement the evidentiary record regarding scope, any reopening of discovery should apply to provide all parties, including SUWA, the right to propound discovery.

DATED August 28, 2026.

MANNING CURTIS BRADSHAW
& BEDNAR PLLC

/s/ Mitch M. Longson
Alan C. Bradshaw
Mitch M. Longson
Trevor J. Lee

[6] Indeed, all of SUWA's causes of action are against the federal defendants and arise under the Administrative Procedure Act, 5 U.S.C. §§ 701-06.

SOUTHERN UTAH WILDERNESS ALLIANCE
Stephen H.M. Bloch
Hanna C. Larsen

COOLEY LLP
Tijana Brien

*Attorneys for Intervenor-Defendants*
*Southern Utah Wilderness Alliance et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, the undersigned electronically transmitted the foregoing to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-entitled matter.

/s/ Lori Anderson