Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Jason L. DeForest (#14628)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
jdeforest@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

**IN THE UNITED STATES JUDICIAL DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KANE COUNTY, UTAH (2), (3) and (4), a Utah political subdivision; and STATE OF UTAH,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, ET AL.,<br><br>Defendant-Intervenors, | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM SUWA**<br><br>**Case No. 2:10-cv-01073**<br><br>(consolidated with 2:11-cv-1031, 2:12-cv-476)<br><br>Judge: Hon. Clark Waddoups |

Plaintiffs Kane County, Utah, and the State of Utah (collectively, "Plaintiffs") respectfully file this Reply in Support of Renewed Motion for Leave to Obtain Discovery from Defendant-Intervenor Southern Utah Wilderness Alliance, et al. (collectively "SUWA").

**REPLY**

SUWA's Response to Kane County, Utah and the State of Utah's Renewed Motion for Leave to Obtain Discovery from SUWA, ECF 862 ("Response"), fails to show that discovery will not be needed to resolve the Bellwether Trial, nor any legitimate reason why discovery cannot proceed at this time. Accordingly, Plaintiffs' motion should be granted.

SUWA's Response begins with the statement that Plaintiffs seek "unspecified discovery from SUWA", but immediately argues that "Plaintiffs' request for post-trial discovery that Plaintiffs already had opportunity to conduct *and did conduct*, is duplicative, unnecessary, and procedurally without basis." Response 1 (emphasis original). SUWA's internally inconsistent argument—we don't know what it is, but it is duplicative—shows the lack of merit in SUWA's response.

Moreover, SUWA's suggestion that its opposition rests on the fact that Plaintiffs have not provided the discovery requests is a red herring; if Plaintiffs provided draft discovery requests, that would immediately initiate a discovery dispute before this Court and further delay these long-delayed proceedings. The Federal Rules of Civil Procedure and the Court's local rules codify the scope of permissible discovery and a meet and confer process to guide litigants in resolving potential disputes. The purpose of these rules is to avoid involving the courts unless it is necessary. As Plaintiffs have stated before, the rules governing discovery do not contemplate

pre-negotiated discovery and there are existing procedures for resolving objections to discovery requests.

Plaintiffs acknowledge that the Court has yet to issue its title decision for the seven remaining roads, but that does not make discovery "premature." Response 2. The fifteen roads in the Bellwether trial were selected to resolve common factual and legal issues serving to inform the Court and parties regarding the two-dozen or so pending R.S. 2477 quiet title suits. As it stands, the Court has confirmed Plaintiffs' title to eight of the Bellwether roads, including Class B and Class D roads, and roads with different legal and factual circumstances. The scope issues on the remaining seven roads, for which the Court has yet to determine title, are known and can be addressed through common discovery relating to the eight roads already decided.

Finally, it is disingenuous for SUWA to claim that its lawsuit over Garfield County's chip-seal project on the Hole-in-the-Rock Road "does not pertain to SUWA's interests in the scope of the Hole-in-the-Rock Road, nor does SUWA allege any causes of action against Plaintiffs." Response 3. As SUWA acknowledges, the lawsuit is styled "*Southern Utah Wilderness Alliance v. Garfield County*, Utah, No. 2:25-cv—0096-AMA-PK" (hereinafter, "*Garfield HITR*"). Response 2-3. SUWA directly sued Garfield County and sought a temporary restraining order and preliminary injunction to stop a chip seal project on the road. In seeking to enjoin the project, SUWA repeatedly recited that this Court had determined the road's title, not scope. "Despite not holding a fully adjudicated ROW to the Hole-in-the-Rock Road, *and thus not knowing the scope of the ROW*, Garfield County" notified BLM of its intent to work on the road. *Garfield HITR*, ECF 18, 10 (emphasis added).

> Without the *necessary scope* determination, there is no way to know the extent of the title determination. Until *both title and scope* have been adjudicated, "[t]he United States shall not be disturbed in possession or control of any real property involved in any action . . ." 28 U.S.C. § 2409a(b) (emphasis added).

*Garfield HITR*, ECF 18, 14.

After losing its request for injunctive relief, SUWA filed an amended complaint against the United States again raising the issue of the lack of a decision regarding scope. *Garfield HITR*, ECF 61, 10 (the right-of-way "is only partially adjudicated" in the absence of a decision regarding scope). SUWA's amended complaint now alleges:

> On February 3, 2026, SUWA sent a cease-and-desist letter to the County. [] Among other things, SUWA explained that (1) the road construction activities were "improvements," not "maintenance," and (2) the County held only a partially adjudicated ROW *because the Kane County court had deferred a decision as to scope of the ROW, and therefore the improvements being undertaken by the County were unauthorized and unlawful*.

*Id*. at 11 (emphasis added).

As stated in the renewed motion, the lack of a scope decision in this Bellwether trial is causing prejudice to Plaintiffs in ongoing, active lawsuits. As shown above, SUWA is using the lack of a scope decision offensively in court and to Plaintiffs' detriment.

Allowing Plaintiffs to pursue discovery will facilitate a more prompt and efficient resolution of the Bellwether trial. Plaintiffs' motion should be granted.

//

RESPECTFULLY SUBMITTED this 3rd day of September, 2026.

HOLLAND & HART LLP

*/s/ Shawn Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
B. Ryder Seamons
*Attorneys for Plaintiff Kane County, Utah*

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ Tess Davis**
Jason L. DeForest
K. Tess Davis
Assistant Attorneys General
*Attorneys for Plaintiff State of Utah*

** Signed with permission given to filing counsel*

39306983_v1